### WILLIAM CRAVEY V. THE STATE.

*No. 504. Decided October 31.*

1. **Indictment for Perjury as a Witness—Sufficiency of—Materiality How Alleged.**—An indictment for perjury committed by a witness on the trial of a case, to be sufficient, must allege in terms: first, that the very statement assigned for perjury was material; or, second, it must allege facts which show the fact assigned as perjury was material; third, it is not sufficient to allege that the main fact, the factum probandum, is material; fourth, nor that a certain fact was material, and assign perjury upon another fact which is material to the main fact or part alleged to be material. The supposed false statement assigned as perjury must be shown to be material by one or other of the two modes first mentioned.

2. **Same.**—See an indictment for perjury, set out in the opinion, which is *held* to be sufficient.

3. **Conflicting Evidence—Practice on Appeal.**—On appeal, if the evidence be simply conflicting, the court will not interfere with the judgment.

APPEAL from the District Court of San Saba. Tried below before Hon. W. M. ALLISON.

This appeal is from a conviction for perjury, the punishment being assessed at five years' imprisonment in the penitentiary.

The matters essential to an understanding of the case are sufficiently stated in the opinion.

*Leigh Burleson,* for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Conviction for perjury. A motion to quash the indictment was made and overruled. Is the indictment sufficient? These rules are absolute with regard to an indictment for per-

jury, supposed to have been committed on the trial of a case. The indictment must in terms allege that the very statement assigned for perjury was material; or, second, it must allege facts which show the statement assigned as perjury was material. To allege that the main fact—factum probandum—is material will not be sufficient. To allege that a certain fact was material, and assign perjury upon another fact, which is material to the main fact, or the part alleged to be material, is not sufficient. The supposed false statement—that assigned as perjury—must, in one or the other modes, be shown to be material. Now, what statement or fact is alleged to be material in this indictment? The indictment charges: "In the investigation of said judicial proceeding, it then and there was a material inquiry before said judge in said trial whether the Y⁄A brand on the left side, and X on the left hip of said yearlings, were of same age, whether one was fresh and unhealed and the other old, whether both were fresh or whether both were old." What statements made by appellant are assigned as false? That defendant did "state and testify, that in the latter part of October, 1892, he and James Vandeveer assisted M. M. Scott to drive said yearlings from Henry Craven's pasture, in San Saba County, to M. M. Scott's home, in Lampasas County. That at that time there were no marks and brands on said yearling, but that when they reached M. M. Scott's home, Scott, Vandeveer, and defendant branded the yearling for Scott, putting the Y H A on the left side and X on the left hip. That both of the brands were put on at the same time, and were the same age, and that the X brand was not older than the Y H A brand." The statement regarding the age of the respective brands is alleged to be false, and perjury is very clearly charged thereon. We have carefully examined the objections made to the indictment, and believe them not to be well founded. The indictment is sufficient.

Were the statements assigned as perjury shown upon the trial of M. M. Scott to be material? If not, though alleged to be material, this conviction is wrong. That they were material was made absolutely certain by the testimony of May Gorman, and the circumstances attending the Scott case. When the yearlings left Gorman's place they were not branded, but he saw them afterwards, at Henry Craven's pasture, and one of them at least was branded with an X. Gorman identified those yearlings as his property—that is, the yearling seen by him and another witness in Craven's pasture. One of the yearlings, it is certain, was then branded. Now, if the yearlings then had a brand, they were not taken by Scott, if appellant states the truth when he says that they were not branded until taken to Scott's, when both brands were at the same time placed on them. To state it in a different form: After Gorman had seen his yearlings in Craven's pasture, one, he is certain, being branded with an X, they were taken from his pasture and driven to Scott's. Now, appellant swore that they were

branded at Scott's, both brands being placed on the yearlings at the same time. If this be so, Gorman was mistaken, and, if mistaken in this respect, he may have been mistaken on all material matters sworn to by him.

Counsel for appellant contended earnestly that the verdict is against the weight of the testimony. That appellant swore falsely in saying that both brands were placed on the yearlings at the same time is established by a number of witnesses. That they were not so placed, the X being on one of them when driven from Craven's pasture, is sworn to by as many, if not more, witnesses than testified to the contrary. In such a state of case the jury are judges of the credibility of the witnesses, and we can not interfere.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, Judge, absent.