## O. R. McCOY v. THE STATE.

### No. 2316.   Decided April 30, 1902.

**1.—Perjury on Evidence to Prove Alibi—Indictment—Materiality.**

An indictment for perjury predicated upon the testimony of a witness to prove an alibi in a criminal case for assault with intent to murder, is fatally defective which only alleged that the defendant testified that B., the party prosecuted for the assault to murder, was at his, B.'s residence all the time between the hours of 6 o'clock p. m. and 9 o'clock p. m., on the night of August 9, 1900; and that this testimony was false and material. It should have alleged that it was a material question whether B. was at the place of the assault to murder when the assault occurred, or at his residence; and also that the assault with intent to murder occurred between the hours of 6 and 9 o'clock p. m., on August 9, 1900.

**2.—Indictment—Defective in Stating Time.**

An indictment is fatally defective in stating the time of the commission of the offense, which alleged that the grand jury "present, that on or about the 10th day of May, one thousand nine and one, and anterior to the presentment of this indictment," etc. This does not charge that the offense was committed in 1901.

**3.—Perjury—Reproducing Testimony.**

Where perjury was assigned upon the testimony of defendant given on the trial for assault to murder, the testimony of the witnesses who gave testimony on the trial for assault to murder, can not be reproduced and used as original testimony on the trial for perjury to show that the testimony of defendant assigned as perjury was material. Besides, to permit a witness to reproduce such testimony would be hearsay.

Appeal from the District Court of Erath. Tried below before Hon. W. J. Oxford.

Appeal from a conviction of perjury; penalty, three years and six months in the penitentiary.

No statement of the evidence required.

*C. Nugent,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for perjury. On the trial of Dock Baines for assault with intent to murder Minnie Freeman, appellant testified that Dock Baines was at his (Baines') residence all the time between the hours of about 6 o'clock p. m. and 9 o'clock p. m. on the night of August 9, 1900. This was alleged to be material and false. Several grounds of objection were urged to the indictment, which we believe to be well taken. If an alibi was to be proved by this testimony in favor of Baines then the material question was not alleged. That question was, whether Baines was at the place of the assault at the time it occurred, instead of at his residence. As stated, it is but negative. It is further deficient in not charging that the assault on Minnie Freeman occurred on the 9th of August, 1900, between the hours of 6 and 9 o'clock p. m. It would make no difference if Baines was at his residence on the 9th of August between those hours, unless that was the night upon which the assault was made upon Minnie Freeman. In other words, it is wholly immaterial where Baines was on the night of the 9th of August from 6 to 9 o'clock p. m. unless on that particular night between those hours he was at the scene of the alleged assault, and that the assault was at that time committed. Again, the indictment is defective in stating the time as to the commission of this offense. It is in the following language: that the grand jury "present that on or about the 10th day of May, A. D. one thousand nine and one, and anterior to the presentment of this indictment," etc. This does not charge that it was committed on the 10th day of May, 1901.

Exception was reserved to the action of the court refusing to grant the continuance. It is not necessary to discuss this matter, for it will hardly arise in the form here presented upon another trial.

The witness Hale was permitted to reproduce the testimony of Minnie Freeman delivered on the trial of Dock Baines, to the effect that she was shot between 8 and 9 o'clock p. m., and the same witness was also permitted to reproduce the testimony of "old man White" on the trial of said Dock Baines to the effect that it was about 9 o'clock when the gun was fired; that they had family prayers; that it was subsequent to that event that he had heard the gun fire. He was further permitted to reproduce the fact that the witness stated it was on the 9th of August, 1900, and further to reproduce the testimony of Joe Gordon before the jury in the Dock Baines case, as to where he (Gordon) had found some paper wadding; and that said paper wadding was found in Freeman's yard. This testimony was hearsay. The testimony of Gordon and White and Minnie Freeman given before the jury on the trial of Dock Baines

could not be reproduced and used as evidence in this case, as was sought to be done, as original testimony, either as evidence before the jury or for the satisfaction of the court that the testimony of appellant on the Dock Baines trial was material. This evidence was introduced as original testimony. There are several bills of the same character which we deem unnecessary to discuss in the light of what we have said in regard to the above testimony.

Because the indictment is insufficient, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

HENDERSON, JUDGE.—I agree to the reversal and dismissal of this case because of the defects in the indictment as stated in the opinion.

[Note.—The State's motion for rehearing was overruled without a written opinion.—Reporter.]