## W. M. BUSBY ALIAS MAT BERSMA v. THE STATE.

### No. 2964.   Decided March 22, 1905.

**1.—Perjury—Predicate—Transaction Too Remote.**

Where the trial in which defendant testified took place in 1904 and the alleged transaction upon which the prosecution was based occurred in 1888, some sixteen years before the defendant was being examined thereon under oath, such testimony could merely serve to impeach him, but was too remote and therefore immaterial and hence not a proper predicate for perjury.

**2.—Argument of Counsel.**

Where no special instructions were requested to ignore argument of counsel, the objection cannot be considered.

Appeal from the District Court of Delta.   Tried below before Hon. R. L. Porter.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Stell & Hatcher* and *Patteson & Holmes,* for appellant.—We submit that a man may have been guilty of crime fifteen years ago and at the present time may have as good reputation as any man could have in the community in which he lives.   To hold otherwise would leave no room for reformation.   That being true we contend that the fact that the defendant was convicted and sentenced to the penitentiary in 1888 from Fannin County should not be allowed to affect the defendant's credibility in August, 1904.   And would not have been admissible in the trial of the county court in August, 1904, on account of its being immaterial and being immaterial no assignment of perjury could be based upon.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of perjury, and his punishment fixed at two years confinement in the penitentiary.   Motion was made by appellant to quash the indictment, because it does not show from its tenor and effect that the testimony given by defendant on the trial in which he is charged with having committed perjury was material to the issue of said trial.   The indictment shows appellant, while being tried for theft in the County Court of Delta County, took the stand as a witness in his own behalf, and on cross-examination he was asked, among other questions: If he had not been indicted and convicted and sentenced to the penitentiary in Fannin County for forgery.   He stated positively that he had not.   Upon this false testimony, in the county court, the indictment herein was predicated.   We hold that the testimony was a material inquiry in said theft case in the county court, and that appellant swore to a statement that was material

in the progress of said trial, and therefore the same furnishes a proper basis for perjury. The court did not err in refusing to quash the indictment.

By special instruction appellant asked the court to submit to the jury the materiality of the testimony to the jury. This is not a question for the jury, but for the court.

Bill of exceptions number 2 complains of the argument of the district attorney in his closing speech to the jury, wherein he used the following language: "Gentlemen of the jury. There is hardly a trial in the courts now but that some one commits perjury. You ought to make an example of this defendant by sending him to the penitentiary and learn others that the crime of perjury must be . stopped." To which remarks appellant objected, because the jury had no right to base defendant's guilt on the conduct of others; and they should not convict defendant merely as an example. We do not think it was proper for the district attorney to use the language complained of. But there is no special charge requesting the court to instruct the jury to disregard said argument. Hence we do not think it was such error as authorizes a reversal.

Bill number 3 complains of the following argument of the district attorney: "Defendant admits that he testified falsely on his former trial in the county court. Didn't he tell you that he was sent to the penitentiary from Bowie County, for robbery; and did he not further tell you that he did not tell the county attorney about that when he was being tried for theft. He says now that he was not asked that question. But gentlemen, he had sworn to tell the whole truth. I'll tell you why he did not tell him. It was because he thought the odium of robbery was greater than that of murder, and would injure him on the trial before the jury more than murder would." Whether the district attorney's argument as to the failure of appellant to so testify was legitimate inference is a matter of conjecture. There was no special charge requested asking the court to instruct the jury to disregard this argument. Being a bare inference drawn by the district attorney from the testimony, we cannot say it is reversible error.

We think the evidence is sufficient to support the verdict; and the judgment is affirmed.

*Affirmed.*

Henderson, Judge, absent.

### ON REHEARING.

#### April 19, 1905.

BROOKS, JUDGE.—This case was affirmed by us at the recent Dallas Term, and is now before us on motion for rehearing. In his motion appellant pertinently calls our attention to the fact that, if the crime of forgery upon which the perjury was predicated, as stated in the original opinion was committed at all, it was committed in 1888. The

trial occurred in the summer of 1904. It appears that appellant was asked whether he was convicted and sentenced for the crime of forgery in Fannin County. The State's evidence shows that he said he was not. As we held in the original opinion this would be a proper predicate for perjury, if material testimony. But at that time our attention was not called to the fact that the crime about which he was called upon to testify, if committed, occurred in 1888. This would place said testimony too remote, under the decisions of this court, to be legitimate testimony going to affect the credibility of appellant. In other words testimony which would merely impeach a witness, occurring sixteen years before the witness is being examined, is too remote; and therefore immaterial, and hence not a proper predicate for perjury. This proposition of law has been laid down by this court in various decisions, among others Wesley v. State, 12 Texas Ct. Rep., 462; Bowers v. State, 6 Texas Ct. Rep., 428. Therefore, the testimony upon which the predicate was laid being immaterial, we were in error in holding in the original opinion that the evidence was sufficient. The motion for rehearing is granted, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*