### James A. Wynne v. The State.

#### No. 883.     Decided January 11, 1911.

**Perjury—Indictment—Statement Must be Material.**

Where, upon trial of perjury, the indictment failed to show that the testimony upon which perjury was based was material, and the testimony set out in the indictment did not show on its face that it was material, nor was it alleged how it was material; the indictment was bad on motion to quash. Following Crow v. State 49 Texas Crim. Rep., 103, and other cases.

Appeal from the District Court of Bexar. Tried below before the Hon. Edward Dwyer.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Brockman, Kahn & Williams,* for appellant.—Cited cases in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The indictment charges appellant with having committed perjury in a case wherein the State was plaintiff and Steve Styles was defendant. Appellant was a witness

and testified in that case "in substance and to the effect, that is to say: 'I will swear most positively I was with him (referring to and meaning Steve Styles, alias Fred D. Livingston), in Harris County (referring to and meaning Harris County, Texas), the second Saturday of February, 1909.'" It was further alleged that this statement was material, and the traverse alleges that in truth and in fact appellant was not with Steve Styles, alias Fred D. Livingston, in Harris County on the second Saturday in February, 1909, and further that he was not within the limits of Harris County on the particular Saturday, and that his statement was false, and appellant knew it was, etc. The indictment further charges that the trial of Styles was had in a District Court in Bexar County.

Several exceptions are urged to the indictment, among others, that this testimony is not on its face material, nor is it shown to be material. We are of opinion appellant's contentions are correct. In order that the alleged false statement can be the subject of perjury it must be material, and it must be shown in some way to be material. From the record we gather that Styles was being tried for passing a forged instrument in San Antonio, Bexar County, and appellant testified that he was with Styles in Harris County on the second Saturday in February, 1909. If this testimony of appellant was intended or sought for the purpose of establishing an alibi on the part of Styles, then the material question has not been alleged in the indictment. Under that view the question would be that Styles was in San Antonio and passed the instrument at the time sought to be proved by the State instead of his being in Harris County or at some other point than San Antonio. This, to say the least of it, is but a negative way of stating the allegation when legally it should have been affirmatively stated that Styles was not in San Antonio. The question was not that Styles was or was not in Harris County, but that he was not in San Antonio at the time of passing the instrument. It would make no difference that Styles was or was not in Harris County on that particular day unless that was the day that the State sought to prove and show that Styles was in San Antonio and passed the false instrument. As stated in McCoy v. State: "It is wholly immaterial where Baines was on the night of the 9th of August, from 6 to 9 o'clock p. m., unless on that particular night between those hours he was at the scene of the alleged assault, and that the assault was at that time committed." The material question, if upon the theory of alibi, would be that Styles was not in San Antonio on the day the State sought to show that he passed the instrument for which the State sought a conviction in the case against Styles. This indictment is negative in form, uncertain in allegation, and altogether inferential. The averments lack that character that is required in indictments which requires the allegation shall affirmatively charge an offense. This indictment does not even attempt to state that the instrument was passed on that particular day in

San Antonio. See McCoy v. State, 43 Texas Crim. Rep., 606. The McCoy case is directly in point and settles this question adversely to the State. It is necessary that the indictment should show in some way the materiality of the testimony. If it is not material, then perjury can not be assigned upon the statement of the party charged. McCoy v. State, supra; Crow v. State,. 49 Texas Crim. Rep., 103; Martinez v. State, 7 Texas Crim. App., 394; Mattingly v. State, 8 Texas Crim. App., 345; Busby v. State, 48 Texas Crim. Rep., 83; Agar v. State, 29 Texas Crim. App., 605; Cravey v. State, 33 Texas Crim. Rep., 557; Garrett v. State, 37 Texas Crim. Rep., 198.

There are other questions in the case that may be of more or less importance, but inasmuch as the indictment is fatally defective and fails to charge an offense as required by law, we pretermit a discussion of those questions as being unnecessary.

For the reasons indicated the judgment is reversed and the prosecution is ordered dismissed.

*Reversed and dismissed.*

Prendergast, Judge, not sitting.