In a prosecution for unlawfully carrying a pistol, evidence that accused was a bartender, and had been cleaning up the saloon just prior to his arrest, and was taking the pistol home with him to sell it, if believed, constituted a defense.

[Ed. Note.—For other cases, see Weapons, Cent. Dig. § 6; Dec. Dig. § 7.*]

2. CRIMINAL LAW (§ 1158*)—REVIEW—TRIAL BY JUDGE.

Where a jury is waived, and accused is tried by the judge, it being the judge's duty to determine the credibility of the witnesses and the weight to be given to their testimony, a conviction will not be set aside on appeal, if there is sufficient testimony to authorize a conviction.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3061–3066; Dec. Dig. § 1158.*]

Appeal from Dallas County Court at Law; W. M. Holland, Judge.

Charles Kirby was convicted of unlawfully carrying a pistol on or about his person, and he appeals. Affirmed.

Crawford, Walker & Williams, for appellant. John A. Mobley, Asst. Atty. Gen., for the State.

HARPER, J. The defendant was tried in the county court of Dallas county at law, charged with the offense of unlawfully carry-ing on and about his person a pistol. He was convicted, and his punishment assessed at 30 days' imprisonment in the county jail.

The only error assigned is that the evidence was insufficient and does not support and sustain the judgment. The state offered two witnesses, who testified that at the time defendant was arrested a pistol was taken from his person. The defendant admits this, but says that he was a bartender, and had been down cleaning up the saloon (it being Sunday), and was taking the pistol home to sell it. If the trial court had believed the appellant's testimony, he should not have been convicted. A jury having been waived and the case tried before the judge, he was the judge of the credibility of the witnesses and the weight to be given the testimony. He saw them, their manner of testifying, and it has been the rule in this court not to disturb the verdict and judgment, when there are no errors in the record, and there is sufficient testimony to authorize a conviction.

In the case of Crow v. State, 33 Tex. Cr. R. 264, 26 S. W. 209, Judge Hurt says: "When the trial judge has ruled the law correctly pertaining to the trial, and has instructed the jury properly, the indictment being sufficient, this court will turn to the statement of facts to ascertain if the guilt of the appellant appears with reasonable certainty. If it does, the judgment will be affirmed. And in passing upon the sufficiency of the evidence, which supports the verdict, we do not pass upon the credibility of the witnesses. Again, if there be conflicting theories, one presenting guilt and the other innocence, or creating doubt of guilt, rejecting the others, this court will not reverse, if the evidence supporting be sufficiently cogent as to render the guilt of the defendant reasonably certain. In such a state of case all theories, except that presenting guilt, being in conflict therewith, will be rejected by this court."

Finding no error in the record, the judgment is affirmed.

PRENDERGAST, J., not sitting.

---

## WYNNE v. STATE.

(Court of Criminal Appeals of Texas. Jan. 11, 1911.)

1. PERJURY (§ 11*)—FALSE TESTIMONY—MATERIALITY.

False testimony, to be the subject of perjury, must be material.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 38–54; Dec. Dig. § 11.*]

2. PERJURY (§ 25*)—INDICTMENT—REQUISITES.

An indictment for perjury at the trial of a third person charged with passing a forged instrument, which alleges that accused testified on the trial that he was with the third person in another county on a designated date, and that the statement was material and was false,

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

is fatally bad, for failing to affirmatively show the materiality of the testimony, by showing that the testimony was in defense of an alibi that the third person was not in the county on the day on which it was alleged he passed the instrument.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 82–89; Dec. Dig. § 25.*]

Appeal from District Court, Bexar County; Edward Dwyer, Judge.

James A. Wynne was convicted of perjury, and he appeals. Reversed, and prosecution ordered dismissed.

Brockman, Kahn & Williams, J. M. Gibson, and E. T. Branch, for appellant. John A. Mobley, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. The indictment charges appellant with having committed perjury in a case wherein the state was plaintiff and Steve Styles was defendant. Appellant was a witness and testified in that case "in substance and to the effect; that is to say: 'I will swear most positively I was with him (referring to and meaning Steve Styles, alias Fred D. Livingston) in Harris county (referring to and meaning Harris county, Texas), the second Saturday of February, 1909.'" It was further alleged that this statement was material, and the traverse alleges that in truth and in fact appellant was not with Steve Styles, alias Fred D. Livingston, in Harris county on the second Saturday in February, 1909, and, further, that he was not within the limits of Harris county on the particular Saturday, and that his statement was false, and appellant knew it was, etc. The indictment further charges that the trial of Styles was had in a district court in Bexar county.

Several exceptions are urged to the indictment, among others that this testimony is not on its face material, nor is it shown to be material. We are of opinion appellant's contentions are correct. In order that the alleged false statement can be the subject of perjury, it must be material, and it must be shown in some way to be material. From the record we gather that Styles was being tried for passing a forged instrument in San Antonio, Bexar county, and appellant testified that he was with Styles in Harris county, on the second Saturday in February, 1909. If this testimony of appellant was intended or sought for the purpose of establishing an alibi on the part of Styles, then the material question has not been alleged in the indictment. Under that view the question would be that Styles was in San Antonio and passed the instrument at the time sought to be proved by the state, instead of his being in Harris county, or at some other point than San Antonio. This, to say the least of it, is but a negative way of stating the allegation, when legally it should have been affirmatively stated that Styles was not in San Antonio. The question

was, not that Styles was or was not in Harris county, but that he was not in San Antonio, at the time of passing the instrument. It would make no difference that Styles was or was not in Harris county on that particular day, unless that was the day that the state sought to prove and show that Styles was in San Antonio and passed the false instrument. As stated in McCoy v. State, 43 Tex. Cr. R. 606, 68 S. W. 686: "It is wholly immaterial where Baines was on the night of the 9th of August from 6 to 9 o'clock p. m., unless on that particular night between those hours he was at the scene of the alleged assault, and that the assault was at that time committed."

The material question, if upon the theory of alibi, would be that Styles was not in San Antonio on the day the state sought to show that he passed the instrument for which the state sought a conviction in the case against Styles. This indictment is negative in form, uncertain in allegation, and altogether inferential. The averments lack that character that is required in indictments, which requires the allegation shall affirmatively charge an offense. This indictment does not even attempt to state that the instrument was passed on that particular day in San Antonio. See McCoy v. State, 43 Tex. Cr. R. 606, 68 S. W. 686. The McCoy Case is directly in point, and settles this question adversely to the state. It is necessary that the indictment should show in some way the materiality of the testimony. If it is not material, then perjury cannot be assigned upon the statement of the party charged. McCoy v. State, supra; Crow v. State, 49 Tex. Cr. R. 103, 90 S. W. 650; Martinez v. State, 7 Tex. App. 394; Mattingly v. State, 8 Tex. App. 345; Busby v. State, 48 Tex. Cr. R. 83, 86 S. W. 1032; Agar v. State, 29 Tex. App. 606, 16 S. W. 761; Cravey v. State, 33 Tex. Cr. R. 557, 28 S. W. 472; Garrett v. State, 37 Tex. Cr. R. 204, 38 S. W. 1017, 39 S. W. 108.

There are other questions in the case, that may be of more or less importance; but inasmuch as the indictment is fatally defective, and fails to charge an offense as required by law, we pretermit a discussion of those questions as being unnecessary.

For the reasons indicated, the judgment is reversed, and the prosecution is ordered dismissed.

PRENDERGAST, J., not sitting.