LEWIS HART v. THE STATE.

No. 3010. Decided March 4, 1914.

Rehearing denied April 22, 1914.

**1.—Perjury—Indictment—Negative.**

Where, upon trial of perjury, the criticism of the indictment was that the same was insufficient because it did not specifically negative the truth of the alleged false statement, but the indictment did allege that said false statement was false and untrue, the same was sufficient, as no particular form of negation is necessary. Following Chavarria v. State, 63 S. W. Rep., 312, and other cases.

**2.—Same—Proof Necessary—Sufficiency of the Evidence.**

Where, upon trial of perjury, the chief witness for the State sustained the allegations in the indictment and was corroborated by three other State's witnesses, all of whom were credible, the conviction was sustained.

**3.—Same—Credible Witness—Definition—Charge of Court.**

Where, upon trial of perjury, the court charged the jury that a credible witness is one who being competent to give testimony is worthy of belief, the same was sufficient, in the absence of a requested charged. Following Kitchen v. State, 29 Texas Crim. App., 46.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of perjury, the evidence was sufficient to sustain the conviction under a proper charge of the court, there was no reversible error.

**5.—Same—Indictment—Specific Negation.**

Where the indictment charged that the alleged false statement made by the defendant was false and untrue; that the same was deliberately and wilfully made and was deliberately and wilfully false as defendant then and there

well knew, etc., the same was a specific negation of defendant's alleged false statement, and there was no error in overruling a motion to quash the indictment.

### 6.—Same—Quantum of Evidence Necessary to Convict.

Upon trial of perjury, the question was not whether defendant was guilty of the original theft, but whether he swore falsely to a material fact in said trial for theft that a certain witness was at a certain place, and where the evidence showed that he swore falsely, although somewhat circumstantial, by the necessary number of credible witnesses, the conviction was sustained.

Appeal from the District Court of Travis.    Tried below before the Hon. George Calhoun.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*R. E. Masterson* and *Jno. E. Rylee* and *Henry Faulk,* for appellant.— On question of insufficiency of indictment: Smith v. State. 78 S. W. Rep., 516; Maroney v. State, 45 Texas Crim. Rep., 524; Waddle v. State, 69 Texas Crim. Rep., 334, 153 S. W. Rep., 882, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney General, for the State.—Cited cases in opinion.

HARPER, JUDGE.—Appellant was prosecuted and convicted of perjury, and has appealed to this court.

The main attack is made on the sufficiency of the indictment, and we copy herein that portion to which the exception relates:  ".  .·.  at and upon the trial of the said issue so joined between the parties as aforesaid it then and there became and was a material question whether said Matilda Williams was on and near the corner and intersection of East Fifth Street and Red River Street in Austin, Travis County, Texas, on the 8th day of August, A. D. 1913, between nine and eleven o'clock p. m. and did then and there commit theft from the person of one D. A. Patterson; and the said Lewis Hart, being so sworn, as aforesaid, then and there, on the trial of said issue, upon oath, as aforesaid, did falsely, wilfully and deliberately, before the said Honorable G. W. Mendell, judge as aforesaid, depose and state and testify, among other things, in substance and to the effect following:  That said Matilda Williams was in Emily Hodge's house from nine o'clock to eleven o'clock on the night of August 8, A. D. 1913, and never left said house during said time; which said statement so made by the said Lewis Hart was then and there material to the issue in said cause; whereas in truth and in fact the said Matilda Williams was, between nine and eleven o'clock p. m. on the 8th day of August, A. D. 1913, on and near the corner and intersection of East Fifth Street and Red River Street in Austin, Travis County, Texas, and did then and there commit the offense of theft from the person of one D. A. Patterson, and the said statement by the said Lewis Hart that said Matilda Williams was in the house of Emily Hodge

from nine o'clock to eleven o'clock on 'the night of August 8, A. D. 1913, as hereinbefore stated, was false and untrue; and which said statement so made by the said Lewis Hart as a witness in said case in the manner and form as aforesaid was deliberately and wilfully made, and was deliberately and wilfully false, as he, the said Lewis Hart then and there well knew,—against the peace and dignity of the State."

The first criticism is that the alleged false statement must be negatived, and appellant cites a number of cases so holding, and it may be said that is the rule that has been adopted and followed in this court. (Gabrielsky v. State, 13 Texas Crim. App., 428; Turner v. State, 30 Texas Crim. App., 691.) These cases, in announcing the rule that. the alleged false statement must be specifically negatived, have been followed, but in no case has any particular form of negation, nor specific words, been adopted. It is sufficient if the language used in the indictment does specifically negative the truth of the false statement. (Lindenburg v. State, 13 Texas, 28.) And in the case of Chavarria v. State, 63 S. W. Rep., 312, an indictment almost in terms of this one is sustained, pointing out that in the case of Ferguson v. State, 36 Texas Crim. Rep., 60, 35 S. W. Rep., 369, the earlier case of Powell v. State, 28 Texas, 626, was overruled. So it may be said that what has been held by this court is that a general statement that the person or persons "deliberately, wilfully and falsely" swore to a statement is insufficient, but in the indictment there must be a specific allegation that the statement so sworn to is untrue. Now, is there such an allegation in this indictment? We think clearly so, for after stating that the defendant "did falsely, wilfully and deliberately state that Matilda Williams was in Emily Hodge's house from nine o'clock to eleven o'clock on the night of August 8, 1913, and never left said house during said time, which said statement was then and there material to the issue in said cause; whereas in truth and in fact the said Matilda Williams was, between nine and eleven o'clock p. m. on the 8th day of August, A. D. 1913, on and near the corner and intersection of East Fifth Street and Red River Street, and did then and there commit the offense of theft from the person of one D. A. Patterson." Later in said indictment it alleges that "the said statement made by appellant that Matilda Williams was in the .house of Emily Hodge from nine o'clock to eleven o'clock on the night of August 8, 1913, as hereinbefore stated, *was false and untrue.*" What more specific negation of the truth of the statement of appellant could have been made in the indictment, and all that was required at common law and the decisions of this State is that the truth at the statement must be specifically negatived.

In the cases of Wynne v. State, 60 Texas Crim. Rep., 660, 133 S. W. Rep., 682, and McCoy v. State, 43 Texas Crim. Rep., 606, it was held by this court: "Where the alleged false statement was that defendant testified to an alibi for a third party—that is, that the defendant was at a certain place at a stated time—the assignment of perjury to be good must allege that the person charged with the crime was present when

and where it was committed. An assignment that the party charged with the crime was not at the place testified to by the witness would be an immaterial allegation." So it is seen that the materiality of this defendant's testimony consisted in his swearing that appellant was not at the corner of East Fifth Street and Red River Street, by testifying that at this particular time she was at Emily Hodge's house, and for this reason could not have been at the place where the robbery took place. So it was necessary under the McCoy and Wynne cases, supra, to allege that she was at the corner of East Fifth and Red River Streets at the time the theft took place, and this the indictment in this case does allege by specific allegations.

Appellant then assigns that to prove the offense of perjury as alleged it is necessary to prove by two witnesses, or one witness strongly corroborated by circumstances, that appellant was at the place where the theft took place, and if this is true, perhaps it might be said that she is shown to have been at such point and committed the theft by only one witness, Mr. Patterson. But the issue in this case was not whether Matilda Williams in fact committed the theft, but was she at the place where appellant testified she was. She might be acquitted of the crime, yet in her defense appellant swore to a state of facts material to her defense, and if this state of facts is shown to be false, appellant would be guilty of perjury. Mr. Patterson not only swore that Matilda Williams was at the corner of Fifth and Red River Streets and stole his watch during those hours, thus making it impossible for her to have been at Emily Hodge's house, but in addition to this Policemen Martin, Oyervides and Grizzard swear that Matilda Williams was not at the house of Emily Hodge at the time appellant testified she was there; that they saw her at another and different place. Thus the fact of the falsity of his testimony was shown by four witnesses, all of whom are credible witnesses insofar as this record discloses.

The court instructed the jury: "A credible witness is one who being competent to give testimony is worthy of belief." This definition was approved in the case of Kitchen v. State, 29 Texas Crim. App., 46, and is the definition given in Bouvier's Law Dictionary. No special charge defining the words "credible witness" was requested by appellant, and under such circumstances the definition as given was sufficient. If appellant desired a more full and complete definition of those terms he should have requested it to have been given. The only special charge requested by appellant was given: "You are further instructed if from the evidence you believe that D. A. Patterson is not a credible witness you must disregard the whole of his testimony."

The only other ground in the motion alleges the insufficiency of the testimony. This was a question for the jury to determine, for if the testimony offered in behalf of the State is believed it supports the verdict.

The judgment is affirmed.

*Affirmed.*

## ON REHEARING.

### April 22, 1914.

HARPER, JUDGE.—Appellant has filed a motion for rehearing in which he earnestly insists that we erred in sustaining the indictment in this case. In his motion he copies that part of the indictment wherein it is alleged that on the trial of Matilda Williams that appellant testified: "That Matilda Williams was in Emily Hodge's house from nine to eleven o'clock on the night of August 8, 1913, and never left said house during said time; whereas in truth and in fact the said Matilda Williams was, between nine and eleven o'clock p. m. on the 8th day of August, 1913, on and near the corner and intersection of East Fifth Street and Red River Street," claiming that both are affirmative allegations and neither one is a negative of the other, and if this was all that was in the indictment, his position might be tenable, but he neglects to copy another portion of the indictment wherein it is alleged *"that the statement that the said Matilda Williams was in the house of Emily Hodge from 9 to 11 o'clock on the night of August 8, 1913, was false and untrue."* This is a specific negative of the fact that Matilda Williams was at the house named, and then the indictment follows with the usual allegation, "and which said statement so made was deliberately and wilfully made and was deliberately and wilfully false, as he then and there well knew." The rule is that the truth of the alleged false statement must be specifically negatived, but no particular words are required to be used, but any language can be used that does negative the averment specifically.

Appellant also apparently is laboring under the impression that the testimony of D. A. Patterson that Matilda Williams was guilty of theft from his person must be corroborated; that was true when Matilda Williams was on trial for that offense, but appellant is not charged with that offense, but is charged with committing perjury on that trial, by swearing to a state of facts that would render it impossible for Matilda Williams to have been the person who committed that theft and the issue on this trial is not whether Matilda Williams was in fact guilty of that offense, but the issue is, did appellant swear falsely to material facts on that trial. He swore that Matilda Williams was at the house of Emily Hodge from nine to eleven o'clock on that night, and she did not leave that house during that time; the theft took place between nine and eleven o'clock,—in fact, the time, as fixed by Mr. Patterson, was about ten o'clock, and he swears that the theft was committed by Matilda Williams on the corner of Fifth and Red River Streets. This is one witness who swears positively to the falsity of appellant's testimony on the trial of Matilda Williams.

Messrs. Martin, Oyervides and Grizzard, all swear they saw Matilda Williams at a place other than Emily Hodge's house between the hours of nine and eleven o'clock on that night, thus showing the falsity of appellant's testimony by four witnesses. Appellant says that as the time these latter witnesses saw Matilda was not the exact time when Patter-

son says the theft took place, that this testimony would not be material. But their testimony would show and did show that his testimony as to the hour he said appellant was at the Hodge house, was false and it was not necessary to show her exact whereabouts by them at the hour the theft took place,—only those who saw her commit the theft, if she did, could swear to her then whereabouts. Appellant overlooks the fact that perjury can be proven by circumstantial evidence as well as positive testimony. Beach v. State, 32 Texas Crim. Rep., 240; Franklin v. State, 38 Texas Crim. Rep., 346; Miles v. State, recently decided, and cases there cited. In this case one witness, Mr. Patterson, swears positively that Matilda Williams was not at the Hodge house at the very time the theft took place, and swears she was the thief, and if it should be that the exact time the other witnesses saw Matilda, was not at this time, yet, it was within the time fixed by appellant that he saw Matilda at the Hodge house, and would be strong circumstantial proof that he swore falsely in swearing that she was at the Hodge house the very hour the theft took place.

The motion for rehearing is overruled.

*Overruled.*

Davidson, Judge, absent at consultation.