### C. MACUMBER v. THE STATE.

No. 4741.        Decided December 5, 1917.

**Aggravated Assault—Complaint—Information—Date of Offense.**

Where the complaint charged the date of the offense "On or about the 3rd day of June, 197," the same was insufficient, in not alleging the date of the offense, and the information alleging the correct date could not cure the defect in the complaint. Following Drummond v. State, 4 Texas Crim. App., 150, and other cases.

Appeal from the County Court of Foard. Tried below before the Hon. G. L. Burk.

Appeal from a conviction of aggravated assault; penalty, a fine of one hundred dollars.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—This appeal is from a conviction for aggravated assault, prosecuted by complaint and information.

The complaint charges the date of the offense as follows: "On or

about the third day of June, 197," etc. There are no other averments in the complaint which aid it with reference to the date of the alleged offense. In Brewer v. State, 5 Texas Crim. App., 248; Blake v. State, 3 Texas Crim. App., 149; Collins v. State, 5 Texas Crim. App., 37, and McCoy v. State, 43 Texas Crim. Rep., 606, pleading containing the same defect was held so defective as to require the court to sustain the motion in arrest of judgment. The averment leaves the alleged date of the offense uncertain. Complaint is made that the court erred in overruling appellant's motion in arrest of judgment, and following the rule announced in the authorities mentioned this contention must be sustained, this though the information did not carry forward the defect. It could not be thus cured under the decisions of this State. Drummond v. State, 4 Texas Crim. App., 150; Goddard v. State, 14 Texas Crim. App., 566; Huff v. State, 23 Texas Crim. App., 291; Whitley v. State, 56 S. W. Rep., 69.

The judgment of the lower court is reversed and the cause dismissed.

*Dismissed.*