J. C. REESE V. THE STATE.

No. 21660. Delivered December 10, 1941.
Rehearing Denied January 28, 1942.

The opinion states the case.

*W. C. Wofford,* of Taylor, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction was for perjury, the punishment assessed being two years in the penitentiary.

On the 18th day of June, 1941, by an opinion that day de-

livered the judgment of conviction was reversed and the case remanded for new trial. Within the time permitted the State filed a motion for rehearing. Upon consideration of said motion we have reached the conclusion that we were in error in our former disposition of the case.

James G. Miller was charged in the District Court of Williamson County with the robbery of Ivan Allman. Upon Miller's trial, Reese (appellant in this perjury case) appeared as a witness in behalf of Miller and testified that Miller was in the city of Houston, Harris County, at the time Allman asserted the robbery occurred in Liberty Hill, Williamson County. Reeves' evidence, if true, supported the defense of alibi for Miller.

The indictment against Reese for perjury alleged that upon the trial of Miller for robbery it:

"* * * became and was a material inquiry before said Judge and Jury in the trial of said Judicial proceeding, whether said James G. Miller was in Liberty Hill, Williamson County, Texas, on the 10th day of November, A. D. 1939, between the hours of one minute after twelve (A. M.) November 10, 1939, and three o'clock A. M. November 10, 1939, and did then and there commit the offense of robbery by exhibiting and using a fire arm as aforesaid; and the said defendant did then and there, before said Judge and Jury, upon the trial of said cause, under the sanction of said oath, administered to him as aforesaid, willfully and deliverately state and testify, among other things, in substance and to the effect following: That the said James G. Miller was in Houston, Harris County, Texas, at the Blue Bonnet Tourist Court between the hours of one minute after twelve A. M., November 10th, 1939, and three o'clock A. M., November 10th, 1939, and which statement was material to the issue in said cause; whereas in truth and in fact the said James G. Miller was in Liberty Hill, Williamson County, Texas, between the hours of one minute after twelve A. M., November 10th, 1939, and three o'clock A. M., November 10th, 1939, and did then and there commit the offense of robbery by exhibiting and using a fire arm as aforesaid; which said statement so made by the said defendant as aforesaid was willfully and deliberately false, and the said defendant knew the same to be false when he made it; against the peace and dignity of the State."

The present indictment is so similar to that found in Hart

v. State, 73 Tex. Cr. R. 362, 166 S. W. 152, that one is led to believe the pleader in the present case must have had the opinion in Hart's case before him while drawing the present indictment. It is averred here that it was a material inquiry on Miller's trial whether he was in Liberty Hill at the time of the robbery and that Reese testified that Miller was in Houston at said time, which statement was averred to have been "material to the issue" in Miller's case, and that the statement so made by Reese as a witness was false. In the case of Hart v. State (supra) it was shown that one Matilda Williams was on trial for theft from the person. Hart testified that she was at the home of Emily Hodge between certain hours which, if true, precluded her guilt of theft at the time and place charged. It was averred that the evidence so given by Hart was false. It is stated in the opinion in Hart's case that the issue in the perjury trial was not whether the Williams woman was guilty, but was at Emily Hodges' as Hart testified. She might have been acquitted upon her trial for theft, yet Hart gave testimony material to her defence, and if such statements were shown to be false Hart would be guilty of perjury. We have adverted at some length to the case mentioned because of its similarity to the present case, and in order to make it clear that the material issue upon Reese's trial for perjury was, did he swear falsely when he gave evidence that Miller was in Houston at the time fixed by the witness.

Upon the trial of Reese for perjury the State proved by the court reporter that at Miller's trial Reese testified substantially as follows: That Reese and his wife lived at the Bluebonnet Court in Houston where his wife was employed; that about 10 o'clock on the night of November 9, 1939, Miller and his wife were at the said Courts and engaged an apartment; that Reese's wife and son were also present and saw Miller and his wife there; that Reese and his wife went with Miller and his wife to the cafe to get something to eat; that about twelve o'clock that same night he (Reese) again saw Miller and his wife when they came back to Reese's apartment and Miller reported that the key given them by Mrs. Reese would not unlock the apartment which had been assigned to the Millers, and that Mrs. Reese went with the Millers to assist them in getting into their apartment; that he (Reese) again saw Miller and his wife about one o'clock that same night. We call attention to the fact that Reese by his testimony inseparably connected the presence of Miller in Houston with the presence of his wife also.

Art. 723 C. C. P. provides that no one shall be convicted for perjury except upon the testimony of two credible witnesses, or of one credible witness corroborated strongly by other evidence as to the falsity of accused's statement under oath.

Upon Reese's trial the State proved by Allman that he was night watchman at Liberty Hill on November 9th and 10th, 1939; that between twelve o'clock of the night of November 9th and one o'clock of the morning of November 10th three persons robbed him, one of whom was Miller. He was positive as to Miller's identity as one of the robbers. He further testified that the parties taped his eyes and that Miller was left to guard him and that the three robbers did not leave Libberty Hill until about 3:30 or 4 o'clock. Allman's testimony, if true, made it impossible for Miller to have been in Houston at the time fixed by Reese.

As a circumstance claimed by the State to corroborate Allman's testimony, the State proved that a store at Liberty Hill belonging to Mrs. Logan was burglarized the same night that Allman was robbed. Some ladies hose and hose boxes were taken from the store, also some jewelry. On November 8, 1939, Miller and his wife had rented an apartment in Austin from Mrs. McCafferty. On November 20th Mrs. McCafferty saw Miller put a box in a trash basket. This was a ladies hose box with Mrs. Logan's cost mark on it. She could not say when it left her store, or whether it had been sold from the store or was taken at the time the store was burglarized, but testified that she had never sold any ladies hose to either Miller or his wife. Miller left Mrs. McCafferty's apartment on November 21st. On the 23d of November while cleaning the apartment Mrs. McCafferty found in a dish pan underneath the cook table a small cameo locket wrapped in a cup towel. At the time of the burglary of her store Mrs. Logan lost some lockets like the one found in the Miller apartment, but she was unable to say whether the locket came from her store, as it was like those generally kept for sale in all stores handling similar goods. The circumstances of finding the hose box and locket as related raise a suspicion that Miller may have been in Liberty Hill and came into possession of the articles mentioned as a result of the burglary of Mrs. Logan's store, but such circumstances would have little, if any, probative force in the absence of Mr. Allman's evidence. However, other evidence than Allman's must be found before the requirements of Art. 723 C. C. P. are met

It is shown by the record that it is about 176 miles from Austin to Houston, between 20 and 25 miles from Austin to Liberty Hill; about 200 miles from Liberty Hill to Houston.

Mrs. McCafferty testified that the apartment she occupied adjoined the apartment rented to Miller and his wife, and that witness knew Mrs. Miller and her baby sister stayed in their apartment on the night of November 9; that witness did not see Miller, but knew his voice and heard him in the Miller apartment talking about 9 o'clock on the night of November 9, after which someone left in the Miller car. This car returned about 5 o'clock on the morning of November 10, and someone got out of the car and went into the Miller apartment, and the car had been parked in its usual place. To our minds the evidence just related complies with the demand of Art. 723 C. C. P. The presence of Miller in his apartment in Austin at 9 o'clock on the night of November 9 precludes his presence in Houston, 176 miles away, at 10 o'clock the same night, as sworn to by Reese, but is not inconsistent with his presence at Liberty Hill during the time he was placed there by Allman's testimony. Both his evidence and that of Mrs. McCafferty show the falsity of Reese's statement under oath that Miller was in Houston at the time claimed by Reese.

In passing we advert to the fact that although upon Miller's trial Reese testified that his wife and son both knew of Miller's presence in Houston at the time claimed neither Mrs. Reese nor the son were called as witnesses upon Reese's trial to support the truth of his evidence given in Miller's trial.

Whether Mrs. Miller was in Houston with her husband as Reese claimed was not material to the issue in the perjury trial, but Reese in his testimony having asserted their joint presence in Houston evidence to the contrary was before the jury like any other provable fact, but as we understand the record it does not become necessary to consider or decide the legal effect of evidence that Mrs. Miller was not in Houston when viewed in the light of said Art. 723 C. C. P. We think the State in its motion for rehearing has overemphasized the case of Anderson v. State, 7 S. W. 44, upon the point just mentioned. The question there decided was not the quantum of proof in a perjury prosecution but the propriety of an instruction given the jury over the defendant's objection. We expressly withhold any observation upon the question really

decided, as we regard it unnecessary in the disposition of this case.

Bill of exception number one shows that while the jury panel was being questioned one of the prospective jurors, Mr. Hoyt, stated that he was present in court and heard part of the evidence in the trial of Miller and knew that he had been convicted. This statement was made in the presence and hearing of the other members of the panel. Appellant moved the court to discharge the entire panel claiming that the statement of Hoyt disqualified them because it placed them in possession of information that would not have been provable upon trial. The court advised counsel for appellant that if he requested it the court would instruct the panel not to consider for any purpose the remark of Mr. Hoyt, whereupon, counsel replied that he made no request that the court either give or not give such instruction. Appellant's challenge to Hoyt was sustained, but his motion to discharge the panel was overruled. This seems to have closed the incident. We think no error appears from the court's refusal to discharge the panel.

Bills of exception two and three complain that the District Clerk of Williamson County produced the indictment against Miller, identifying it as such, and testified that it had been returned into the district court by the grand jury; that a jury had been empaneled to try Miller; that he had sworn Reese as a witness upon Miller's trial, and that the said district court was in session at the time. The objection urged to all of said testimony was that it was not the best evidence, and was an improper method to prove the facts thus sought to be established. These bills are not thought to be meritorious.

Nine other bills of exception are found in the record. Each of them has been examined. None is thought to present error.

The State's motion for rehearing is granted, the judgment of reversal is set aside, our former opinion is withdrawn, the present opinion being substituted therefor, and the judgment of the trial court is now affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing, appellant asserts that this court, in affirming the judgment of this case, erred in two par-

ticulars: First, in failing to sustain his objection to the court's charge on the ground that the court failed to instruct the jury on the law of circumstantial evidence; and second, because we held the evidence sufficient to sustain the judgment of conviction.

Trial court's are only required to charge on the law of circumstantial evidence when the State's case rests entirely upon circumstances to establish the guilt of the accused. See Atkinson v. State, 34 Tex. Cr. R. 424; Egbert v. State, 76 Tex. Cr. R. 663; Branch's Ann. Tex. P. C., p. 1039, sec. 1874; 24 Tex. Jur. p. 586, sec. 101.

In the instant case, there was direct and positive testimony that Miller was in Liberty Hill on the night of the burglary. Hence, the State did not rely upon circumstantial evidence to show that Reese committed perjury when he testified that Miller was in Houston at the time in question. Of course, the State relied upon circumstantial evidence to corroborate the witness Allman, who testified that he saw Miller in Liberty Hill at the time of the burglary, but this did not require a charge on circumstantial evidence because the State's case did not rest entirely upon circumstances to establish appellant's guilt.

The second contention that the evidence is insufficient to sustain appellant's conviction was carefully considered by this court before writing the opinion of affirmance. However, we have again examined the statement of facts and remain of the opinion heretofore expressed by us.

The motion for rehearing is overruled.

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.