SMITH and GREENHILL, JJ., join in this dissent.

**Frank HILL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41622.**

Court of Criminal Appeals of Texas.

Oct. 22, 1969.

Rehearing Denied Dec. 10, 1969.

OPINION

ONION, Judge.

The offense is murder with malice; the punishment, 20 years.

The sufficiency of the evidence to sustain the conviction is not challenged and we do not deem a recital of the same essential to a proper disposition of this cause.

In his first ground of error appellant complains of improper voir dire examination of the prospective juror, Janet Wechsler. Apparently in the presence of the entire panel it was established that Mrs. Wechsler had once been employed in the office of one of the defense counsel. Thereafter the assistant district attorney asked:

"Q. Were you working for Mr. Fulmer at the time this indictment was returned against Frank Hill?"

Mrs. Wechsler answered:

"A. I must have been. I know he got into this trouble and he came to the office and then I know he got into some more trouble."

The appellant thereafter moved for a mistrial which was overruled. The prospective juror was not further interrogated and no explanation was made as to what the prospective juror meant by "some more trouble." The appellant at no time requested a jury panel instruction to disregard the unresponsive answer of Mrs. Wechsler.

Under these circumstances we cannot conclude that the court erred in overruling the motion for a mistrial. Cf. Reese v. State, 143 Tex.Cr.R. 206, 157 S.W.2d 913.

Ground of error # 1 is overruled.

Next appellant complains of a number of statements made by the District Attorney in his closing jury argument. In the first two instances the argument of the

Paul Tatum (Court Appointed), Ivy C. Fuselier (Court Appointed), Nacogdoches, for appellant.

David D. Adams, Dist. Atty., Nacogdoches, and Jim D. Vollers, State's Atty., Austin, for the State.

District Attorney appears to have been clearly invited. Nevertheless, the court promptly sustained the objections and instructed the jury to disregard. No further relief was requested by the appellant. In his brief appellant concedes that these two instances did not "of themselves constitute reversible error."

The prosecutor's argument concerning whether the witness Cleo Whitaker had lied about a bribe also appears to have been invited argument. The remarks also appear to be a reasonable deduction from the evidence. Here again the court sustained the objection and instructed the jury to disregard and no further relief was requested. Error is not reflected.

■ The next portion of the jury argument complained of is reflected by the record as follows:

"* * * I have never heard from the evidence from this witness stand in this case a more cold blooded, useless, senseless murder than committed by that coward sitting over there.

"MR. FULMER: If the Court please, State's counsel himself even elected not to ask for the death penalty, he knows it is that weak and if it is that cold blooded he is in absence of that.

"MR. BROWN: And I am going to tell you I made a mistake—

"THE COURT: Just a minute, just a minute, Mr. Brown. The objection is sustained and the Jury will be instructed not to consider the remarks of either counsel at this time for any purpose whatever.

"MR. FULMER: If the Court please, while the Court was instructing the Jury he went ahead and said, State's Counsel did and said I made a mistake—

"Mr. BROWN: Since you said what you did I am going to tell them that.

"MR. FULMER: If the Court please,—

"THE COURT: Counsel, just proceed on.

"MR. FULMER: If the Court please and now I ask the Court to sustain my objection to that remark.

"THE COURT: The Jury will be instructed not to consider that remark, just proceed.

"MR. BROWN: Since he mentioned that I want to tell you I made a mistake in not asking for the death penalty and I wish that I had, he deserves it, if a man ever did he does.

"MR. FULMER: I told them he would have that feeling, it does him so much good to prosecute my client.

"MR. BROWN: You had your chance up here, sit down.

"THE COURT: Just a moment, Counsel. Just proceed on. The Jury will be instructed not to consider these last remarks of Mr. Brown or Mr. Fulmer for any purpose. Just proceed with the argument in an orderly fashion.

"MR. BROWN: I will if I can, Your Honor, if he will let me..

"THE COURT: Just proceed with the argument."

Once again it is observed that no further relief was requested after the jury instruction to disregard.

■ On two occasions the appellant did go further and ask for a mistrial after the court had instructed the jury to disregard the complained of argument. On each such occasion the appellant contends the District Attorney injected detrimental and extraneous facts which were not supported by the evidence. A reading of the record reveals that in both of these arguments the District Attorney was stating reasons why certain witnesses were not called, which

argument, at least in part, was in response to defense argument. The reasons given by the prosecutor were derogatory in character to the witnesses not called, but was not so prejudicial, we conclude as to call for reversal in light of the court's instruction. Further, by agreement, not all of the evidence offered at the trial was brought forward in the record. We are, therefore, unable to determine whether such statements were unsupported by the record or not.

There was no objection to the last complained of portion of the prosecutor's argument and error is clearly not reflected.

Ground of error # 2 is overruled.

The judgment is affirmed.