PIG OLIVER v. STATE.

No. 2231. Decided January 29, 1913.

Burglary—Insufficiency of the Evidence.

Where, upon trial of burglary of a railway car, the evidence was insufficient to sustain a conviction, the judgment is reversed and the cause remanded.

Appeal from the District Court of Upshur. Tried below before R. W. Simpson.

Appeal from a conviction of burglary of a railway car; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Warren & Briggs,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with having broken and entered a box car, then and there owned by H. A. Williams, the agent of the St. Louis Southwestern Railway Company of Texas, etc.

Several questions are suggested for revision. It is shown with reasonable certainty that a car was broken into and some whisky, marked or labeled "Kentucky Tavern," was taken from the car. The car contained at least a package of that character of whisky and in checking up the contents of the car said box was not found. The witness Howell said he was deputy sheriff; that he undertook to ascertain who broke into the car; that he saw appellant some two or three months after the alleged burglary drinking out of a half-pint bottle of whisky in the Kelley warehouse; that he had two negroes under suspicion, Jim Hanson and Pig Oliver; that he saw defendant go over there several times and watched him through a hole up near the ceiling and saw him drink out of a half-pint bottle. Witness went in and got a bottle from under the floor; that he felt around at different places and got a half-pint of whisky which was branded "Kentucky Tavern" and it was the bottle out of which he saw appellant take a drink; that he got a "lot of wrappers" branded "Kentucky Tavern," —some were coverings to half pints and some to pints; that he also found a bottle of catchup and a bottle of pepper sauce which defendant admitted he placed there. Appellant was a porter working in the store for Mr. Kelley and drove a delivery hack; that his business was to make deliveries and he had to go into this house to get feed and grain and had a key to the warehouse. He is a negro that drinks a great deal. All the witnesses give the negro a good character for honesty. Hanson, the other negro whom as officer he had under suspicion, was and is a fugitive from justice, and the witness did not know where he was, but had been looking for him and failed to catch him. R. C.

Dial, for the State, testified that he was a clerk for Kelley in the grocery store and remembers the time the box car was broken into; that appellant was delivery boy and porter in the store; that appellant had a key to the warehouse which was in the old Sheppard & Kelley building; that the door stood open most of the time before they put a lattice door there, which was some time in May just a little while before appellant was arrested. This witness gave appellant a good character for honesty and said he had never heard of his having been accused of stealing; appellant had a key to the lattice door and went into the warehouse, but witness had seen it standing open when he would be gone to make a trip; the warehouse was close to the depot. Conright testified that he was porter at the depot; knew Jim Hanson; that he was gone; that they had some kind of charge against him and he run away. He says, "I was working the night somebody broke in the car. I don't know who broke in the car." And didn't recollect seeing appellant around the depot that night; that he had at times seen appellant around the depot, but it is a place where everybody gathers, being the only place there is any light in town after the stores close. Defendant testified in his own behalf that he was drinking some whisky in the warehouse when Mr. Howell arrested him; that he did not put the whisky there and knew nothing of it, except what Jim Hanson told him. He says, "He said he put it there and told me where it was and I could drink some of it when I wanted to. I have taken several drinks there with Jim Hanson." He says, "I got the bottle of pepper sauce and bottle of ketchup and put them there and intended to take them home and was going to tell Mr. Kelley about it when he come home." Kelley at the time was at Hot Springs, in Arkansas. He says, "I did not tell Mr. Howell Jim Hanson put the whisky there. He did not ask me." He denied breaking into the car and said he knew nothing on earth about it. This is about the substance of the case. Summed up in its final analysis, the testimony shows that the car was broken into about the 15th of March; appellant was seen by the deputy sheriff, looking through a knot hole, to drink some whisky out of a half-pint bottle, went to the place where he saw appellant take the drink and found a bottle of whisky labeled "Kentucky Tavern." This was two months or longer after the alleged burglary. It is shown that the car contained a case or box or something of the sort of whisky supposed to be "Kentucky Tavern." This is not sufficient evidence on which to base this conviction. Appellant says that Jim Hanson showed him where the whisky was and invited and authorized him to drink it. This is not controverted. This whisky was not identified as the whisky that came out of the car.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*