**Tom NICHOLS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45365.**

Court of Criminal Appeals of Texas.

May 3, 1972.

Thomas S. Goggan, Austin, for appellant.

Robert O. Smith, Dist. Atty. and Michael J. McCormick, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation.

On February 18, 1971, appellant entered a plea of guilty to the charge of burglary and his punishment was set at five years. Imposition of sentence was suspended and he was placed on probation for that term of years. One of the terms of probation was, "to commit no offense against the laws of this or any State or of the United States."

On February 23, 1971, a motion was filed to revoke his probation alleging that he violated the terms of said probation in that "he committed the offense of burglary of auto, subsequent to being placed on probation."

At the hearing on the motion to revoke, the State presented evidence from three witnesses. Darlene Oliver testified that on February 22, 1971, she had the care, custody, and control of a 1969 Ford LTD; that she parked it near Jester Center on the University of Texas campus, locked the

automobile and all windows were closed. She testified that at approximately 2 a. m. on February 23, 1971, the University of Texas police notified her that her automobile had been broken into. She went to the car and discovered the right front window had been broken and that a jar of Deep Magic hand lotion and a Rayco 8-track tape deck player had been taken from her car. She further testified that she went to the University of Texas Police Department and identified there a tape deck as being the one taken from her car and a jar of Deep Magic hand cream, which appeared to be the one that was missing from her car.

Officer Bruce of the University of Texas Police Department testified that while on patrol in the early morning hours of February 23, he observed a person sitting in a 1964 Chevrolet and that as he approached, the person fled, that this person was carrying something under his arm. He further testified that the car from which the person fled had the right front window broken out of it. Officer Bruce testified that the appellant was the person he saw flee that night, and that the Chevrolet was parked two cars down from the burglarized Oliver car.

Officer Rodman of the University of Texas Police Department testified he received a broadcast describing the fleeing person which Bruce had seen and that shortly after the broadcast he observed the appellant, who matched the description, walking near the scene of the burglary. He further testified that at the time of the arrest, the appellant was carrying an 8-track tape deck player and a bottle of Deep Magic hand lotion.

There is no evidence in the record that the items identified at the police department were the same items that were found in possession of the appellant. There was no testimony concerning the disposition or custody of the items found in the possession of the appellant.

Where evidence of possession of recently stolen goods is relied upon, it must be shown that the goods were the identical goods taken from the burglarized place. Green v. State, 31 S.W. 386 (Tex.Cr.App. 1895). It is not sufficient identification to show that goods were of the same brand as those that were stolen. Oliver v. State, 69 Tex.Cr.R. 263, 153 S.W. 309 (1913).

There being an abuse of discretion on the part of the trial court, the order revoking probation is reversed and the cause remanded.