**Ted Allen YORK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47924.**

Court of Criminal Appeals of Texas.

July 17, 1974.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., George B. Shepherd, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

The appellant was convicted, in a trial before a jury, of misdemeanor theft of one barricade marker of the value of $22.50. The court assessed punishment at a fine of $50.00 and one (1) year in jail, probated.

Appellant in a single ground of error challenges the sufficiency of the evidence to sustain the conviction. Appellant contends the evidence is insufficient in that the alleged owner of the property did not identify the property seized from appellant as his property. We agree with the appellant's contention.

The record reflects that on December 31, 1971, at 5:10 A.M. Dallas police Officer Carter Stewart, while on motor patrol duty, observed two persons running toward a car parked on a side of a road under construction near the 7200 block of Elam Road. A number of barricade blinker lights were along the portion of the road

under construction to prevent traffic from going into a ditch. Stewart approached the vehicle and saw the appellant sitting in the rear seat atop a "marker light that was still blinking." The occupants of the vehicle were arrested and taken to jail. The blinker light was placed in the police property room. Stewart did not place any identifying mark upon the blinker light. The officer testified the blinker light had a telephone number on it and the name of a company which he could not remember. He phoned the number and got an answering service. He left his telephone number. Later, he received a call about the blinker light. He at first testified that this call was from Powell, "the owner." However, on cross-examination, he testified that he talked "to a man on the telephone" and that he doesn't know if it was Powell or not.

Jack Powell testified he was the president of Lectric Safety Lites Company, which was in the business of furnishing, on a leased basis, barricades and blinker lights to road contractors, and that such barricades and lights were in his possession. He did not give appellant consent to take a blinker light. The barricades and blinker lights are manufactured by the company and leased to the contractors, but are not sold. The lights were described by the owner as having a "little man with our name and addresses on it and telephone number." The Lectric Safety Lites Company had been supplying the barricades and blinker lights for the construction site near the scene of the arrest. In the early morning of December 31, 1971, he received a call with reference to a barricade marker located in the 7200 block of Elam Road. Later that morning, Powell's company replaced a marker at the site in question.

The blinker light seized by the police from the possession of appellant was never introduced in evidence. Powell believed from being told of it that one of his employees had gone to the police station and recovered this blinker light, but he was not sure of that. However, Powell did not know the employee or where the blinker light was presently located. Neither did Powell ever see the blinker light in question to identify it as one of his company's or the one that was replaced at the construction site. The blinker lights do not have a serial number or other individualized identifying marks. As noted, the police officer who seized the blinker light did not place his identifying mark on it. On being recalled, Powell testified he had from 400 to 500 such lights stolen each month.

Appellant did not testify at the guilt stage, and offered no evidence.

 When possession of recently stolen property is relied upon for conviction, it must be shown that the property is the identical property taken from the theft scene. Mixon v. State, Tex.Cr.App., 507 S.W.2d 238 (on rehearing); Nelson v. State, Tex.Cr.App., 505 S.W.2d 271.

In Nichols v. State, Tex.Cr.App., 479 S.W.2d 277, a jar of Deep Magic hand lotion and a Rayco 8-track tape deck player were taken from an automobile. The owner of the automobile testified that she went to the University of Texas Police Department and identified the tape deck and hand lotion as the ones taken from her car. The accused had been arrested fleeing from the area with an 8-track tape deck player and a bottle of Deep Magic hand lotion. In reversing the conviction, this Court stated:

"There is no evidence in the record that the items identified at the police department were the same items that were found in the possession of the appellant.

\* \* \* \* \* \*

"Where evidence of possession of recently stolen goods is relied upon, it must be shown that the goods were the identical goods taken from the burglarized place. Green v. State, 31 S.W. 386 (Tex.Crim.App.1895). It is not sufficient to show that goods were the same

brand as those that were stolen. Oliver v. State, 69 Tex.Crim.R. 263, 153 S.W. 309 (1913)."

See, also, Reyes v. State, Tex.Cr.App., 468 S.W.2d 64; Freeman v. State, Tex. Cr.App., 417 S.W.2d 412; Atkinson v. State, 158 Tex.Cr.R. 32, 253 S.W.2d 46.

■ In the present case, the State did not establish at the trial that the blinker light found in the appellant's possession was the property of the complaining witness and that it was therefore the same blinker light alleged in the information to to have been stolen. The blinker light was not introduced in evidence, was not identified by the complaining witness or by any other witness at trial as being the blinker light of Lectric Safety Lites Company. The complaining witness did testify that one of his employees retrieved a blinker light from the police property room. However, the blinker light recovered by the "unknown employee" was not identified as the same blinker light recovered from the appellant. See *Nichols,* supra. The fact the telephone number on the blinker light found in possession of appellant was used and that the complaining witness was contacted by the police that morning concerning a blinker light does not under the circumstances shown satisfy the rule that before conviction can rest upon the unexplained possession of recently stolen property, the property must be identified as the *identical property taken from the theft* scene.

For the reasons stated, the judgment is reversed and the cause remanded.

Opinion approved by the Court.

MORRISON, Judge (concurring).

I agree to a reversal of this conviction because the State failed to show with sufficient evidence that a blinker light belonging to the complainant was stolen.