**Robert Jackson CORN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0173–CR.**

Court of Appeals of Texas, Tyler.

May 12, 1983.

Rehearing Denied June 22, 1983.

Writ Refused Nov. 16, 1983.

Thomas Dunn, Tyler, for appellant.

Jack Skeen, Jr., Dist. Atty., Tyler, for appellee.

McKAY, Justice.

Appellant was convicted of theft by receiving and concealing property exceeding $200 in value, and punishment was assessed by the jury at two years confinement.

Paul Smith, Al Roddy and Clyde Cash testified that they had stolen a number of wire wheel covers on the night of March 11, 1980, or the early morning of March 12th, and that among those wire wheel covers were four taken from a 1979 blue Ford LTD automobile parked in the College Drive apartment's parking lot in Texarkana. They each testified that they were arrested by the police in Texarkana and placed in jail there, and that the officers took all the wheel covers that they had in the trunk. They each testified that they stole eight Ford LTD wheel covers, and that four of them were from the 1979 blue Ford LTD at the apartment house in Texarkana.

In an agreement with a Texas Ranger, all three men were released from jail, then two of them took eight Ford wire wheel covers to appellant's place of business and sold them to him. They testified they had sold wire wheel covers to appellant on previous occasions, and he knew they were stolen and he had advised them to go to Texarkana to steal more wheel covers. They said they discussed with appellant where the best places were to look for wheel covers, and that appellant knew these eight hubcaps were stolen.

Smith, Roddy and Cash were accomplices as a matter of law. One or more of them testified that the eight wheel covers offered in evidence were stolen by them and sold to appellant with his knowledge that they were stolen, and that four of them were stolen from a blue Ford LTD in the parking

lot of the apartment where the proof showed Pete Steed parked his blue Ford LTD.

Ranger Dowell testified that in response to a telephone call he drove to Texarkana where Smith, Roddy and Cash were in jail after being arrested by the police for stealing hubcaps or wheel covers. Dowell further said "in exchange for non-prosecution in the case in which they were charged in Texarkana, they agreed to assist me in the investigation of this case here in Tyler, Texas and agreed to testify in court." He said Officer Morgan of the Texarkana Police turned over to him eight Ford wire wheel covers which were marked by him at the time, and he identified them by his identification mark as being the same ones he received from Morgan.

Dowell further testified that he was present when Cash called appellant on March 20, 1980, and that he attached a body microphone transmitter to Cash. The eight wheel covers were placed in Cash's car trunk, and Dowell drove to near appellant's business where he could observe the front of the building. He saw Cash and Roddy drive to appellant's business and go in the front door. Dowell said he had a receiving and recording machine in his car by which he recorded the conversation between Cash and Roddy and appellant. Dowell testified appellant told Cash and Roddy to "whip around there in the back," and another voice said "go ahead and bring it around." Appellant was then heard to say, "you all haven't got a very big load," and Roddy responded, "we have got to get rid of these things," and Cash added "we ain't got no money to go nowhere and get no more." Appellant then said "I would suggest that you call me at the house from now on because I know—Tim told me you all called Monday."

In response to the question to tell what he heard appellant say on March 20, 1980, Dowell replied:

"I need to buy some stuff. I need to buy some stuff. Let me tell you something. You all be careful and cool. Try to go to Longview or somewhere because I got a call yesterday and this mother-fucker smokes dope like a fiend and he is paranoid all the time, you know. But he's got a friend in the Sheriff's Department that tells a lot of shit that is going on. He knows it. He works for me some. He doesn't steal. He just goes out and sells shit for me some to make a little money. And, anyway, he is telling me—this is the second time he has told me and I have never paid any attention. You know these two white dudes that you buy from—and you were the only two white dudes I buy from. And I said yes. And I said there is three of them actually. My friend at the Sheriff's office says they are hot as hell. Watch out for what you tell them.

Roddy replied, "We're hot?" And appellant said, "Well, that is what he said his friend at the Sheriff's office says. So, you know, just be cool with what you do. Don't take any chances, you know." Either Roddy or Cash replied "We'll have to be cool." Appellant said, "But I need a bunch of damn—let me show you right up here."

There was additional recorded conversation between appellant and Roddy and Cash which is not necessary to quote here. However, we find that there is sufficient evidence in the record, separate and apart from the accomplice testimony, which not only tends to connect appellant with the offense, but does *actually* connect him with the commission of the offense charged.

█ In his first ground of error appellant contends that the trial court erred in overruling his objection to the admission into evidence of the eight wheel covers because the witnesses were unable to identify which four of them were taken from the Ford LTD belonging to Pete Steed. We overrule this ground. Appellant urges that the goods or property must be the identical goods or property taken from the owner, and it is not sufficient identification to show that the property was of the same brand as that stolen. Appellant cites *Nichols v. State,* 479 S.W.2d 277 (Tex.Cr.App. 1972), and *York v. State,* 511 S.W.2d 517 (Tex.Cr.App.1974). These cases are not in

point. They stand for the proposition that when possession of recently stolen property is relied upon for conviction, it must be shown that the property is the identical property taken from the theft scene. The covers were taken from the car of the accomplices, and the circumstantial evidence demonstrates that four of them likely were taken from the Steed car. The conviction in this case was not dependent upon possession of recently stolen property by appellant, and the objection properly went to the weight and not to the admissibility.

■ Appellant's second ground maintains the court erred in overruling his motion for instructed verdict after the State rested its case in chief. The motion alleged that the evidence was insufficient to support a guilty verdict because it did not establish guilt beyond a reasonable doubt. He argues the State failed to prove all the elements charged in the indictment in that it failed to prove Pete Steed was the owner of any wheel covers admitted into evidence. Appellant cites *Gallegos v. State,* 625 S.W.2d 812 (Tex.App.—Amarillo 1981) as authority for his argument. Upon discretionary review that case was reversed by the Court of Criminal Appeals, *Gallegos v. State,* 635 S.W.2d 527 (Tex.Cr.App.1982). In our view the evidence set out above is sufficient to show ownership of four wheel covers in Steed. At any rate, appellant waived this contention by thereafter putting on a defense. *Kuykendall v. State,* 609 S.W.2d 791, 794 (Tex.Cr.App.1981); *Shirley v. State,* 501 S.W.2d 635, 637 (Tex.Cr.App. 1973). Ground two is overruled.

■ In ground three appellant says there was error in permitting the witness Clark to testify, over objection, concerning the value of the four wire wheel covers. We overrule this ground. The record reflects that Clark was a member of the Tyler police force who had for fourteen months been assigned to investigate thefts of hubcaps from automobiles. Clark qualified as a person who was acquainted with wheel cover values, and we find no error in permitting him to testify as to those values.

The complaint in ground four is that the trial court erred in overruling appellant's motion for instructed verdict, after the State rested, on the value of the wheel covers. Appellant's complaint here is that he should have been granted an instructed verdict because some of the State's witnesses testified they did not know the value of the four hubcaps involved, or that the value of other hubcaps or wheel covers were not sufficient to make a felony case. The complaint is without merit. The witness Clark testified to a value sufficient to constitute a felony. The jury apparently believed him, as they were entitled to if they chose. Furthermore, this contention was waived when appellant thereafter put on a defense. *Kuykendall v. State, supra; Shirley v. State, supra.* We find no error.

■ In ground five appellant maintains the evidence is insufficient as a matter of law to support the verdict. We have examined the record and we find the evidence is sufficient to sustain the verdict of the jury.

Lastly, appellant says the trial court erred in failing to act on his motion for new trial. The record reflects that the jury returned its verdict on punishment on April 28, 1980. After the verdict was read, appellant orally waived the ten-day period allowed by Art. 40.05, V.A.C.C.P., for sentencing. Said waiver was made in open court by counsel for appellant. Thereupon the trial judge pronounced sentence upon appellant, and appellant, at that time, gave notice of appeal. The written order sentencing appellant is likewise dated April 28, 1980. Appellant's motion for new trial was filed on May 6, 1980.

■ Where a defendant waives the time in which to file a motion for new trial, and his sentence is pronounced, the trial court is under no obligation to permit such a motion to thereafter be filed, nor to consider same. *Williams v. State,* 549 S.W.2d 734, 735 (Tex. Cr.App.1977); *Robinson v. State,* 505 S.W.2d 298, 299 (Tex.Cr.App.1974); *Bennett v. State,* 450 S.W.2d 652, 655 (Tex.Cr.App. 1970). We perceive no error in the trial court's failure to act on appellant's motion here, thus allowing said motion to be over-

ruled by operation of law. Appellant's last ground is overruled.

The judgment of the trial court is affirmed.