Gregory **CHRISTOPHER**, Appellant,

v.

The **STATE** of Texas, Appellee.

**Nos. 05–88–00974–CR to 05–88–00976–CR.**

Court of Appeals of Texas,
Dallas.

May 22, 1989.

As Modified on Grant of
Discretionary Review July 5, 1989.

Rehearing Overruled Sept. 14, 1989.

Discretionary Review Refused (State)
Oct. 4, 1989.
Discretionary Review Granted (Appellant)
Nov. 22, 1989.

R.D. Rucker, Dallas, for appellant.

Kathleen Walsh, Dallas, for appellee.

Before HOWELL, LAGARDE, and WHITTINGTON, JJ.

WHITTINGTON, Justice.

(May 22, 1989)

A jury convicted Gregory Christopher of three separate offenses of burglary of a habitation and assessed punishment at fifty years' imprisonment. In three points of error, appellant asserts that: (1) the evidence is insufficient to support the conviction; (2) the trial court erred in refusing to quash the jury panel; and (3) the trial court erred in allowing evidence of an extraneous offense to be admitted. We find merit in appellant's first point of error; accordingly, we reverse the judgment of the trial court and render a judgment of acquittal.

A citizen called the City of Dallas police to report his suspicion that three men driving around his neighborhood in a white Toyota might burglarize his house. A patrol car was dispatched to the area. While en route, the officers ran the license plate number of the Toyota through the computer and learned that it had been taken in an aggravated robbery earlier in the day. The officers went to the home of the citizen who phoned in the complaint and then drove around the neighborhood; they viewed the white Toyota and ordered appellant, who was driving, to stop. Inside the car, in addition to the appellant, were two other men. The man in the front passenger seat had a television set on his lap, and the man in the rear seat had a microwave oven on his lap. One of the officers noticed several other items in the car, including a typewriter, another T.V. set, and a jewelry box. When appellant was asked to identify himself, he gave a false name. Neither appellant nor his companions explained their possession of the property. The three men were placed under arrest. The property found in the car was taken to the City of Dallas Southeast Patrol Division Station and turned over to an Investigator Bird.

The police learned that two houses and an apartment had been burglarized during the morning of appellant's arrest. The houses were next door to each other and the apartment was in close proximity. The three dwellings were within a two and one-half minute drive from where appellant was arrested. Appellant was charged with burglary of all three habitations.

At trial, each complainant testified that his or her dwelling was broken into and certain personal properties were missing. Complainant number one testified that he reported a television, a remote control, a fan, a typewriter, and a trumpet missing. Complainant number two testified she was missing a television, a stereo, and jewelry. The third complainant testified that a video recorder, a microwave, a cassette recorder, and a watch were taken from her apartment. All three complainants testified that they went to the police station where they recovered all of their property.

In his first point, appellant asserts that the evidence is insufficient to support his conviction. Our review of the sufficiency of the evidence is limited to determining whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Girard v. State*, 631 S.W.2d 162, 163 (Tex.Crim.App.1982). The State concedes that it did not establish through eyewitnesses or through physical evidence that it was appellant who broke into each dwelling. Instead, the State relies on appellant's unexplained possession of recently stolen property for conviction; accordingly, to sustain the conviction, it must be shown that the property found in appellant's possession was the identical property taken from the burglarized place. *Vasquez v. State*, 694 S.W.2d 56, 60 (Tex.App.—Corpus Christi 1985, pet. ref'd).

The evidence relied upon by the State to support the conviction is as follows: The officer testified as to the type of property he found in appellant's car, and that testimony generally corresponded with the complainants' testimony regarding the property reported missing. The officer testified

that he transported the recovered property to the City of Dallas Southeast Patrol Division Station and left it with Investigator Bird, and each complainant testified that he or she recovered all their property at the police station. Appellant was in close proximity to the burglarized dwellings, he never explained his possession of the property, and he gave a false name to the arresting officer. Viewing the evidence in the light most favorable to the prosecution, we hold that that evidence is insufficient to establish that the property found in appellant's possession was the *identical* property taken from the burglarized places.

In *Nichols v. State*, 479 S.W.2d 277 (Tex. Crim.App.1972), the Court of Criminal Appeals addressed a similar situation. There, the complainant testified that her car was broken into and that a jar of Deep Magic hand lotion and a Rayco 8–track tape deck had been taken. The complainant testified that she went to the police station and identified her property. A police officer testified that he observed the defendant sitting near the car and carrying something under his arm. As the officer approached, the defendant fled. When the defendant was arrested he was carrying an 8–track tape deck player and a bottle of Deep Magic hand lotion. *Id.* at 278. The court held that there was no evidence in the record that the items identified at the police station were the same items that were found in possession of the defendant because there was no testimony concerning the disposition or custody of the items found in the possession of the defendant. *Id.* The court held that it was not sufficient identification to show that goods were of the same brand as those that were stolen. *Id.;* see also Moore v. State, 640 S.W.2d 300, 302 (Tex.Crim.App.1982); *York v. State*, 511 S.W.2d 517, 519 (Tex.Crim.App.1974).

The instant case is indistinguishable from *Nichols*. The State did not bring any property or photographs of property into the courtroom. Therefore, the complainants were not able to make an in-court identification of their property, and the police officer was not able to point to specific property and testify that appellant had possession of that property at the time of arrest. Nor did Investigator Bird, the property custodian, appear in court and testify that the arresting officer deposited property with him and that same property was identified by each complainant. Identification in the instant case was even more tenuous than in *Nichols* because the property was identified generically (*i.e.*, a television set, a microwave oven, etc.) instead of by a specific brand name. The only element in the instant case that was not present in *Nichols* is that appellant gave a false name to the arresting officer. Appellant had motives unrelated to the burglaries to give a false name such as the allegation that he was driving a reportedly stolen car. Accordingly, we do not accord sufficient weight to that factor to uphold the burglary convictions.

We sustain appellant's first point of error asserting that the evidence is insufficient to support the conviction. Accordingly, we need not address the remaining points. The judgments of the trial court are reversed and judgments of acquittal are rendered.

## ON PETITION FOR DISCRETIONARY REVIEW

WHITTINGTON, Justice.

(July 5, 1989)

■ The State has filed a petition for discretionary review. TEX.R.APP.P. 101. In it the State has brought to our attention the following testimony of complainant Martin:

> [Mr. Martin] The next morning when I got to work, I got a message saying that a Detective Bird had called me. So I called him back and, basically, we arranged—he said that they had gotten—recovered my stuff. And we arranged for me to go down and pick it up the next day.
>
> [State] Did you go down and identify and pick it up?
>
> [Mr. Martin] Yes, I did.

Detective Bird is the custodian with whom Officer Allen deposited the property found in appellant's possession. Therefore, in regard to complainant Martin, the State proved disposition and custody of the

items, and it was not unreasonable for the jury to find that some of the property found in appellant's possession belonged to complainant Martin. *Nichols*, 479 S.W.2d at 288. We overrule point one in cause number 05–88–00974–CR.

■ We now must consider points two and three in cause number 05–88–00974–CR. In appellant's second point of error, he asserts that the trial court erred in refusing to quash the jury panel. During voir dire, the State asked whether any of the panel members had been a victim of a burglary, and the following exchange took place:

[State] Okay. Yes, ma'am ...

[Juror] I saw my assailant when he left the house, and I shot at him.

[State] Okay.

[Juror] I don't have anything against Mr. Christopher. Mr. Christopher has a great resemblance of that man and they never did catch him.

[State] Never caught him. But you're not saying that it was Mr. Christopher?

[Juror] No. I am not saying it but close.

After the State completed voir dire, appellant moved for a mistrial asserting that the juror's "identification" made a fair trial impossible.

We may not reverse a trial court's denial of a motion for mistrial unless appellant shows that the trial court abused its discretion. *Babbs v. State*, 739 S.W.2d 646, 647–48 (Tex.App.—Houston [14th Dist.] 1987, no pet.). Here, several factors militate against a finding of abuse of discretion. First, the juror did not identify appellant as the one who burglarized her home; she said there was a resemblance between the two. Second, the juror was dismissed for cause. Third, appellant never requested that the jury be instructed to disregard the statement made by the panel member. *See Hill v. State*, 447 S.W.2d 420, 421 (Tex. Crim.App.1969). Lastly, appellant has not demonstrated that other panel members heard the comment and were influenced by it. *Freeman v. State*, 556 S.W.2d 287, 308 (Tex.Crim.App.1977). We hold that the trial court did not err in refusing to quash the jury panel. Point two is overruled.

■ In appellant's third point, he asserts that the trial court erred in allowing evidence of an extraneous offense to be admitted. Specifically, appellant complains of Officer Allen's testimony that while en route to the area, he ran a check on the license number of the white Toyota and learned that it was taken in an aggravated robbery.

The State is entitled to show what occurs immediately prior to and subsequent to the commission of the offense. *Maddox v. State*, 682 S.W.2d 563, 564 (Tex.Crim.App. 1985). The exception is when such evidence is inherently prejudicial and has no relevance to any issue in the case. *Id.* Whether evidence is relevant lies within the sound discretion of the trial court. *Id.* The trial court determined the testimony was relevant because "it gave the officers in question probable cause to stop the vehicle." The court limited the prejudicial effect by excluding testimony that appellant matched the description of the suspect in the aggravated robbery and was at one time charged with the offense. Thus, the officer did not specifically allege that it was the appellant who committed the aggravated robbery. We view the complained of testimony as setting the stage for appellant's arrest on burglary charges. Finding no abuse of discretion, we overrule point three.

Therefore, the State's Petition for Discretionary Review is granted and the judgment of this Court is modified to provide that the conviction in cause number 05–88–00974–CR is affirmed. Except as amended, the judgment of this Court pursuant to our opinion of May 22, 1989 remains intact.

LAGARDE, Justice, concurring and dissenting.

(July 5, 1989)

I concur in the result reached by Justice Whittington in cause number 05–88–00974–CR; however, I dissent as to the results in cause numbers 05–88–00975–CR and 05–88–00976–CR. I conclude that it is a reasonable deduction from the evidence that all the property found in Christopher's pos-

session was deposited by Officer Allen with Detective Bird; that Bird thereafter called the other two complainants, just as he called Moore, and that those complainants likewise retrieved their property from Detective Bird. Therefore, even assuming, *arguendo,* that the State was required to meet the test set out in *Nichols v. State,* 479 S.W.2d 277, 278 (Tex.Crim.App.1972), I conclude that the evidence was sufficient for a rational trier of fact to find Christopher guilty beyond a reasonable doubt, excluding every other reasonable hypothesis raised by the evidence. I would affirm in all three cases.

HOWELL, Justice, dissenting.

(July 5, 1989, as revised on September 14, 1989)

I dissent from the attempted withdrawal of our original opinion, both on substantive and procedural grounds.[1]

If the unsuccessful party, in this instance the State, desired further hearing before this Court, it was required to file a motion for rehearing within fifteen days. TEX.R. APP.P. 100(a). Within fifteen days thereafter, the State could have filed a belated motion for extension of briefing time, but its entitlement to an extension would be predicated upon the presentation to us of a reasonable explanation of the need for an extension. TEX.R.APP.P. 100(g). These limitations are jurisdictional. *See Humble Exploration Co. v. Browning,* 690 S.W.2d 321, 324 (Tex.App.—Dallas 1985, no writ) (en banc). *See also B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d 860, 862 (Tex.1982) (regarding late-filed record).

The State filed no motion for rehearing, no request for extension of time, and no reasonable explanation of need for an extension. We must assume that the State was well aware of the availability of a motion for rehearing and elected not to pursue such remedy. However, our majority has, in effect, treated the petition for discretionary review as a motion for re-

hearing and has given relief that could only have been given on motion for rehearing.

Our majority would torture rule 101 of the Texas Rules of Appellate Procedure into an authorization for a court of appeals to treat a petition for discretionary review as the equivalent of a motion for rehearing. That rule cannot be so construed; a petition for discretionary review is not an untimely motion for rehearing and may not be treated as such. Alternatively, any attempt to expand the jurisdiction of this Court in the manner attempted is beyond the rulemaking power.

In a civil matter, the jurisdiction of a court of appeals terminates at the moment of the filing of an application for writ of error. *Johnson v. Sovereign Camp W.O.W.,* 125 Tex. 329, 83 S.W.2d 605, 608 (1935); *Humble,* 690 S.W.2d at 324. This principle has been embedded in Texas procedure from earliest times. Although the writ application is filed with the clerk of the lower court, such is but a matter of convenience. The application automatically notifies the court below to send up the record; its jurisdiction has been pre-empted. It can hardly be gainsaid that the legislature intended any other rule to apply when it extended the jurisdiction of the courts of civil appeals to cover criminal matters.

The judgment of a court of appeals cannot be altered by that court once it has lost jurisdiction to a higher court. *See Humble,* 690 S.W.2d at 324. However, the opinion of the lower court is a document peculiar to that court. The higher court has the power to declare that the lower court erred and to alter the lower court's judgment. *See, e.g.,* TEX.R.APP.P. 80(b), 180. The higher court can write an opinion of its own; but, unlike the lower court's judgment, there is no precedent allowing the higher court to put words in the mouth of the lower court and rewrite that court's opinion. It follows that the power to revise

---

1. In the original opinion of this Court, issued on May 22, 1989, a unanimous panel composed of Justices Whittington as author joined by Justices Howell and Lagarde, decided to reverse and remand all three convictions. The state, without first moving for rehearing, filed a petition for discretionary review on June 20, 1989. The current opinion of our majority was rendered following the filing of the petition for discretionary review.

the lower court's opinion remains with the lower court.

Properly interpreted, rule 101 does no more than spell out the means whereby a court of appeals, upon examination of a petition for discretionary review, may correct, clarify, or extend its opinion. In connection with this authorization, the court of appeals may ask that the Court of Criminal Appeals modify or change the judgment rendered below. However, the jurisdiction of the lower court will have been exhausted. It then becomes the province of the upper court to decide if the requested amendment of the judgment is to be entered. Under rule 101, the court of appeals may even request that the judgment given by it be peremptorily vacated and the case remanded. However, the decision to do so, and the terms and conditions of the remand, are within the exclusive control of the Court of Criminal Appeals.

The construction of rule 101 suggested here is the only one that comports with the concept of an orderly appellate procedure. Had the State filed a motion for rehearing, the appellant could have been heard in response. As it is, one of the judgments won by him has been reversed without affording him an opportunity to be heard.

Does appellant have the right to file a motion for rehearing with this Court attacking today's judgment? Rule 101 makes no provision. Bear in mind that it is the prerogative of a party to be heard in the court of appeals as a matter of right. We must consider a timely motion for rehearing if an unsuccessful party chooses to file one. But, on the majority's interpretation of the rule, our jurisdiction will be gone as soon as our revised judgment is pronounced. How do we entertain a motion for rehearing attacking today's judgment? On the majority's analysis, today's judgment may only be attacked by the now unsuccessful appellant in the Court of Criminal Appeals. That Court, however, is a court of discretionary review. TEX.R. APP.P. 200(b). The provision of law granting the opportunity to be heard as a matter of right in the lower court has been converted into the chance to secure discretionary review from the higher court. This cannot be.

Even further, is appellant even entitled to petition for discretionary review from today's adverse judgment? Rule 202 of the Texas Rules of Appellate Procedure provides that a motion for rehearing "shall" be filed within fifteen days after judgment below is entered. Has not appellant's time to move for rehearing already expired?

The literalistic approach to rule 101 that has been taken by our majority is also fraught with due process problems. First rule 101, on its face, provides that we may act "summarily." It is a fundamental tenet of procedural due process that a tribunal shall act only after both parties have been accorded an opportunity to be heard. *See* U.S. CONST. Amend. XIV, § 1. Our majority interprets rule 101 as empowering this Court to act after only one side to a litigation has been heard. All summary procedures are constitutionally suspect; they do not meet due process minimums unless there is a clear and specific need to act summarily, and then, only if an after-the-fact hearing is provided with all due haste. *Cf. Fuentes v. Shevin*, 407 U.S. 67, 82, 92 S.Ct. 1983, 1995, 32 L.Ed.2d 556 (1972) (an individual must be given opportunity for hearing before deprivation of property, except for "extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event"). These considerations apply doubly in the criminal context where human liberty is at stake.

Second, the party petitioning for discretionary review has been given the opportunity to manuever his opponent out of a hearing. He may elect, as here, not to file a motion for rehearing for the intent and purpose of depriving his opponent of the right to be heard and may reserve his grounds to attack our judgment for inclusion in a petition for discretionary review, knowing that the court of appeals will treat the petition as a motion for rehearing. In making this statement, the writer intends

no aspersions against this petitioner or its counsel. Nevertheless, the due process implication is present because it opens the door to such maneuvering.

Third, the rule, as our majority would interpret it, gives to a party the right to file two motions for rehearing, one to be decided after both parties have been accorded the opportunity to be heard, and one to be decided "summarily." Fourth, as already indicated, the rule effectively deprives the party who has successfully argued his case in a plenary proceeding of the right to be heard before his judgment is taken from him.

Fifth, the rule further fails to provide a prompt and meaningful process whereby the judgment, which has been summarily taken away from the successful party, may be promptly restored to him. Where a criminal defendant successfully persuades this court to reverse, the defendant may be admitted to bail while the State petitions for discretionary review. However, if this court summarily withdraws its judgment in response to the State's petition, the defendant must remain in jail for months, even years, pending final action by the Court of Criminal Appeals. Finally, as already pointed out, the rule substitutes discretionary review for review as a matter of right.

The law, we are told, is logic. Logic dictates that rule 101 must be construed as not extending our jurisdiction past the filing of the petition for discretionary review. We have no further power to amend our judgment, only to correct or extend our opinion and, if so indicated by our revised opinion, to ask the Court of Criminal Appeals that it revise our judgment, if we now believe it to be erroneous, or that it return the case to us so that we may do so.

In its attempt to alter our judgment after our jurisdiction has been pre-empted, our majority has also erred substantively. To make out a circumstantial evidence case of burglary of the premises of complainant Martin, it was incumbent on the State to (1) point out at least one specific, identifiable article of personal property; (2) present testimony or documentary proof that this specific article was one of the articles

seized from appellant by the arresting officer; (3) show that it was one of the specific articles which the arresting officer delivered to investigator Bird; (4) show that it was one of the articles exhibited by the investigator to complainant Martin and identified by complainant as his property; and, (5) show that it was one of the articles that complainant Martin found to be missing from his premises immediately after those premises were forcibly entered. *See, e.g., Vasquez v. State,* 694 S.W.2d 56, 60 (Tex.App.—Corpus Christi 1985, pet. ref'd); *Nelson v. State,* 505 S.W.2d 271, 272–73 & n. 1 (Tex.Crim.App.1974); *Nichols v. State,* 479 S.W.2d 277, 278 (Tex.Crim.App.1972). Such proof is lacking and for such reason, reversal must ensue.

Complainant Martin testified that his premises were broken into and that some property was taken. He has testified that his property was returned to him by Investigator Bird. However, he did not describe the property taken from him in any detail.

The arresting officer testified that, at the time of arrest, he seized the property that was in the vehicle being driven by appellant, and that he turned it over to Investigator Bird. However, the arresting officer failed to testify in any detail as to the identity of the property that was seized by him and delivered to the Investigator. Moreover, there is no evidence, certainly no direct evidence, that any specific article exhibited to complainant Martin by the Investigator was part of that lot of goods which had been delivered to Investigator Bird by the arresting officer as the fruits of the arrest. There is a glaring gap in the chain of proof. No single specific article has been traced from the premises of complainant into the vehicle driven by appellant and back through the authorities into the possession of complainant. Without an unbroken chain of proof, the prosecution fails.

The most serious omission on the part of the State was its failure to call Investigator Bird. He could have testified that the property, which he exhibited to complainant Martin, was one or more of the same articles that were delivered to him by the arresting officer and reported to him as

seized from the car driven by appellant, if such be the case. The majority opinion wholly fails to explain how it would bridge this gap in the proof. Presumably, Justice Lagarde would hold that such gap may be filled by "circumstantial evidence."

However, we must bear in mind that the only proof of the very allegations of the indictment—breaking and entering the premises of complainant Martin with the intent to commit theft—are supported, if at all, by circumstantial evidence. We are being asked to hold that circumstantial evidence proves the circumstances that prove the indictment. It has been numerously held that, in a circumstantial evidence case, one inference may not be piled upon another. That rule has been criticized, and rightly so, as being arbitrary and artificial. Even so, the criminal law does not allow convictions upon attenuated elements of circumstantial proof; the more vague and remote the element of proof, the less weight that may be accorded to it.

It is true that we have the unobjected-to hearsay statement of Investigator Bird to complainant Martin to the effect that the complainant's property had been recovered. However, that statement adds little or nothing because it fails to tell where or how the Investigator came into possession of the property that the Investigator exhibited to the complainant. The evidence fails to exclude the reasonable hypothesis that the investigator obtained complainant's property from another source. After all, any number of the members of the police force were presumably looking for the complainant's property. We cannot declare the hypothesis that another officer came upon complainant's property elsewhere to be unreasonable. For such reason, the circumstantial evidence conviction must fall.

We can guess or surmise that at least *one of the articles exhibited to and identified by complainant Martin was one of the same articles that had been seized from appellant by the arresting officer.* However, our constitutions, both state and federal, require proof beyond a reasonable doubt. Such proof cannot be based on guess or surmise. This restriction is particularly applicable when a matter is easily subject to specific proof and neither guess nor surmise should be necessary. We allow subjective proof of state of mind because no objective means is known. However, the identity and ownership of allegedly stolen goods is provable by objective means. Where objective means of proof are available, objective means are required.

Our original decision in this case was correct. I dissent from the attempt to revise that decision in response to a petition for discretionary review.

## OPINION ON MOTION FOR REHEARING OF DECISION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

HOWELL, Justice, dissenting.

(Sept. 14, 1989)

I dissent from the consideration of this motion for rehearing. Our jurisdiction was concluded by the filing of the State's petition for discretionary review on June 10, 1989. Alternatively, our jurisdiction was concluded fifteen days thereafter. Even if Tex.R.App.P. 101 be read to its most expansive limits, we have no jurisdiction to consider this motion for rehearing.

Compare: *Ratcliff v. National County Mutual Fire Ins. Co.*, 745 S.W.2d 75 (Tex. App.—Dallas 1988, writ dism'd w.o.j.) (on reh'g); *Wadsworth Business Center v. Connell*, 775 S.W.2d 663 (Tex.App.—Dallas 1989) (Howell, dissent on second motion for reh'g; Howell, dissent on third motion for reh'g).