**Affirmed as Modified and Opinion Filed June 30, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-13-00533-CR

---

### RAMIRO PAYAN, Appellant
### V.
### THE STATE OF TEXAS, Appellee

---

### On Appeal from the Criminal District Court No. 7
### Dallas County, Texas
### Trial Court Cause No. F-0972851-Y

---

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Schenck
Opinion by Justice Bridges

Following a bench trial, the trial court found appellant Ramiro Payan guilty of theft by a public servant and sentenced him to 180 days, probated for 180 days. Payan argues the evidence is legally insufficient to support his conviction. He also argues the judgment should be reformed to reflect the proper sentence, the attorneys who participated in trial, and the correct degree of the offense. As reformed, we affirm the trial court's judgment.

**Background**

The State indicted Payan for unlawfully appropriating and exercising control over one car jack and one battery charger valued $500 or more but less than $1,500 from Johnie Ellis. At the time of the theft, Payan was a mechanic for the City of Dallas Northwest Service Center Garage. Because of Payan's employment with the City, he was a public servant.

Payan waived his right to a jury and proceeded to trial before the court. During a bench trial, witnesses testified to the following facts.

Johnie Ellis was an equipment manager with the City and Payan's supervisor. He testified Payan had worked as an equipment mechanic for the City for approximately twelve years. In July of 2009, Ellis noticed City property was missing. At first, he noticed little things like tools missing, but over time, he noticed a car jack and a battery charger had disappeared. After looking around and not finding them, he called the police.

Ellis first suspected Payan of taking equipment because the last place someone saw a missing fan pump was in Payan's stall at the service center. Payan was also repeatedly calling in sick, and Ellis found the timing of his absences and the missing equipment suspicious.

Detective Vincent Miles testified he received a call about missing equipment from a service center. He talked to staff members, and they indicated Payan took the property. Detective Miles tried to contact Payan but was unsuccessful. The phone number listed for Payan was disconnected, and it appeared he had moved from his listed address. After checking a water bill, Detective Miles found another address for Payan. On September 24, 2009, officers went to the home on Cresthaven with a search warrant.

When officers arrived, no one was home. Jose Ramirez, Payan's brother-in-law, arrived and granted permission to search the home. Detective Miles could not remember if Ramirez said Payan lived there, but Ramirez indicated he and Payan worked on cars at the home.

Inside the padlocked, detached garage, Ellis and another City employee named Labarron Brown identified a battery charger and car jack that was City property. Ellis explained City property was marked as "Property of the City of Dallas," but the markings on the battery charger and car jack were "completely ground off." He also explained City employees were not allowed to borrow or use City property at home.

–2–

A vehicle was parked in front of the home and inside the vehicle, Ellis identified a City hat worn by City mechanics. Ellis did not know if the hat or vehicle belonged to Payan.

While still at the home, Detective Miles called Payan. Payan agreed to talk with officers, but he said it would take him about forty-five minutes to get there. Payan never showed up. Several days later, Detective Miles tried to contact Payan again so he could explain why he had possession of City property. Payan did not respond.

Tammy Stewart-McIntyre worked in the City's human resources department. In October of 2009, Payan met with her to discuss Family Medical Leave pay. During the conversation, Payan said he had possession of some City equipment. Although she could not remember details of the conversation, she said Payan mentioned someone came to his home while he was gone and took the equipment. Whether it was his supervisor or the police, she could not remember. However, she was certain Payan admitted to having City equipment at his home. Payan told her, "I borrowed it."

At the conclusion of the bench trial, the trial judge orally sentenced Payan to 180 days in state jail, probated for 180 days. This appeal followed.

## Sufficiency of the Evidence

Payan argues the evidence is legally insufficient to support his conviction because the State failed to prove he committed theft by a public servant or failed to present evidence connecting him to the stolen property. The State did not file a response brief.

In a legal sufficiency review, we view all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The trial judge, acting as factfinder, determines witness credibility and is free to believe or disbelieve all or part of a witness's testimony. *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App.

2011). We give deference to the factfinder "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

A person commits theft if he unlawfully appropriates property with intent to deprive the owner of property. TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2014). Appropriation of property is unlawful if it is without the owner's effective consent. *Id*. § 31.03(b). The State charged Payan for theft of property valuing $500 or more but less than $1,500, a Class A misdemeanor. *Id*. § 31.03(e)(3). Sufficient proof that the accused is a public servant at the time of the theft and that the property came into the accused's possession, custody, or control by virtue of his status as a public servant, acts to enhance punishment. *Id*. § 31.03(f)(1).

Further, recent, unexplained possession of stolen property can give rise to an inference of guilt to support conviction for theft of the property. *Sutherlin v. State*, 682 S.W.2d 546, 549 (Tex. Crim. App. 1984); *Pedraza v. State*, No. 05-1100396-CR, 2012 WL 2308256, at *5 (Tex. App.—Dallas June 19, 2012, no pet.) (mem. op., not designated for publication). If a defendant offers an explanation as to his possession of recently stolen property, the record must demonstrate that the defendant's explanation is either false or unreasonable before the evidence will support the theft conviction. *Pedraza*, 2012 WL 2308256, at *5.

Here, the record shows that when Detective Miles tried to contact Payan on two separate occasions, Payan never showed up to explain his possession of the property. In fact, the only explanation in the record for his possession of the property came from Stewart-McIntyre, who testified Payan said he borrowed the property. However, given the testimony from both Ellis and Brown that it was against City policy to borrow tools for personal use, the trial court was free to accept their testimony and reject Payan's explanation. *See Garza v. State*, 841 S.W.2d 19, 22

–4–

(Tex. App.—Dallas 1992, no pet.) (whether the defendant's explanation is reasonable is a question of fact, and the factfinder is not bound to accept a defendant's explanation).

Payan focuses on the fact no one saw him at the Cresthaven address, and the State provided no evidence establishing he lived there. He argues the State neither connected him to any of the property found in the garage, nor did it connect him to the car parked outside, which had a City hat inside. Further, relying on *York v. State*, 511 S.W.2d 517 (Tex. Crim. App. 1974), Payan contends Ellis, the owner of the property, did not identify the property seized from the garage as his property. Thus, he contends the States' whole case was based on speculation without any real proof.

We begin with Payan's reliance on *York*. In that case, an officer arrested the defendant for stealing a traffic marker light. *Id*. at 518. When the officer seized the marker light, he did not place any identifying mark upon it before placing it in the police property room. *Id*. However, the officer testified the marker light had a phone number on it and when he called the number, he thought he talked to the "owner." *Id*. Powell, the owner of the marker light, never saw the marker light in question to identify it as one belonging to his company and admitted it did not have a serial number. *Id*. At trial, the marker light was not introduced into evidence. *Id*. The defendant was convicted of theft. *Id*. On appeal, the court concluded the State did not prove the marker light found in the defendant's possession was Powell's property and that it was in fact the same marker light alleged in the information to have been stolen. *Id*. at 519. In reaching this conclusion, the court emphasized, "The blinker light was not introduced into evidence, was not identified by the complaining witness or by any other witness at trial as being the blinker light of Lectric Safety Lites Company." *Id*.

The present facts are distinguishable from *York*. Here, the State introduced pictures of the battery charger and the car jack. But most importantly, Ellis testified and identified the

stolen property as belonging to the City. He further explained City property was marked as "Property of the City of Dallas" with serial numbers; however, the markings on the stolen property had been scratched off. Thus, we are unpersuaded by Payan's reliance on *York*, and the evidence before the trial court was sufficient to establish the property seized from the Cresthaven garage belonged to Ellis.

We are likewise unpersuaded by Payan's remaining arguments. While we agree no one saw him at the Cresthaven residence, we disagree the State failed to prove he lived there. Officers went to that particular location after finding Payan's water bill, which listed the Cresthaven address. Ramirez admitted that he and Payan worked on cars at the home. Stewart-McIntyre testified Payan said he had equipment in his home that either officers or his supervisor had removed. Further, parked out front of the home was a car with a City hat inside. While Payan asserts no one connected him to the car or the hat, Ellis testified his mechanics wore that type of hat and it was not common practice for others, who were not City mechanics, to own them. Further, there was no evidence that Ramirez, the only person present at the time of the search, was a City mechanic. Thus, the record does not support an inference the hat belonged to him. Based on this circumstantial evidence, a rational trier of fact could have determined Payan lived at the residence. *See Hooper*, 214 S.W.3d at 13 (noting sufficiency review is the same for both direct and circumstantial evidence).

Thus, viewing the evidence in the light most favorable to the verdict, the record shows Payan was a public servant, who in his position as a City mechanic had access to the car jack and battery charger. Around the time Ellis noticed missing property, Payan began missing work, which Ellis thought was suspicious. The missing property, with its identifying information removed, was found at the residence listed on Payan's water bill and a car parked in front of the home had a City-issued mechanics hat inside. City employees knew it was against City policy to

borrow equipment for personal use. Payan's brother-in-law admitted he worked on cars with Payan in the garage where officers found the stolen equipment. Accordingly, a rational trier of fact could have found the essential elements of theft by a public servant beyond a reasonable doubt. *Jackson* , 443 U.S. at 319. We overrule Payan's first issue.

## Reformation of Judgment

In his second issue, Payan asks the court to reform the judgment because the sentence orally announced at the end of the trial differs from the written judgment. Payan also asks the court to change the names of the attorneys to accurately reflect those who participated in the trial and to change the degree of the offense. We agree the judgment should be reformed to accurately reflect Payan's sentence, the attorneys' names, and the degree of the offense.

When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). The rationale for this rule is that the imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing and able to hear and respond to the imposition of sentence. *Id*. Once a defendant leaves the courtroom, he begins serving the sentence imposed. *Id*. Thus, "it is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith." *Id*. (citing *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998)).

Further, an appellate court has the authority to modify an incorrect judgment to make the record speak the truth when it has the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993).

As such, we sustain Payan's second issue and reform the judgment as follows: (1) Punishment and Place of Confinement is modified from "2 YEARS INSTITUTIONAL DIVISION, TDCJ," to "180 DAYS STATE JAIL, PROBATED FOR 180 DAYS"; (2) "Attorney

for State: Herschel Woods and Attorney for Defendant: Bill Rink" is modified to "Attorney for State: Jennifer Bennett and Attorney for Defendant: Juan Sanchez"; and (3) Degree of Offense is modified from "3RD DEGREE FELONY" to "STATE JAIL FELONY."

**Conclusion**

As reformed, the judgment of the trial court is affirmed.

Do Not Publish
TEX. R. APP. P. 47
130533F.U05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RAMIRO PAYAN, Appellant

No. 05-13-00533-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F-0972851-Y.
Opinion delivered by Justice Bridges.
Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1) Punishment and Place of Confinement is modified from
"2 YEARS INSTITUTIONAL DIVISION, TDCJ," to "180 DAYS STATE JAIL, PROBATED FOR 180 DAYS";

(2) "Attorney for State: Herschel Woods and Attorney for Defendant: Bill Rink" is modified to "Attorney for State: Jennifer Bennett and Attorney for Defendant: Juan Sanchez"; and

(3) Degree of Offense is modified from "3RD DEGREE FELONY" to "STATE JAIL FELONY."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered June 30, 2015.